COMMONWEALTH *vs.* MATTHEW T. HENDRIE.

A complaint for an unlawful sale of intoxicating liquor " to a certain person whose name is unknown to the complainant," is supported by evidence of a sale to a person whose name was known to the complainant, if the complainant, at the time of making the complaint, did not know that the sale was to that person.

COMPLAINT for an unlawful sale of intoxicating liquor " to a certain person whose name is unknown to the complainant."

At the trial in the court of common pleas, at September term 1854, Joseph P. Haynes, a witness for the Commonwealth, testified that he had bought intoxicating liquor of the defendant previously to the date of the complaint; and that at that time, and for a long time previously, and ever since, the complainant nad been familiarly acquainted with him and his name.   The complainant testified that he was well acquainted with the name of Haynes at the time of the trial, as well as at the time of making the complaint, but that he did not know that the sale complained of was to Haynes.

The defendant objected that the evidence was not competent in law to prove the allegation in the complaint; but *Mellen*, C. J. instructed the jury that it was so competent, if the complainant

when he made the complaint, knew that the sale had been made, but did not know the name of the person to whom it was made; and the defendant, being found guilty by the jury, alleged exceptions to this instruction.

*A. L. Cushing,* for the defendant. The complaint does not allege a sale " to a person unknown," but " to a person, whose name is unknown." The evidence proved that the name of the person to whom the sale was made was well known to the complainant; and did not warrant a conviction on this complaint.

*E. Wilkinson,* (District Attorney,) for the Commonwealth.

By the Court. This objection is founded on the rule that the name of the party, to whom the sale was made, must be stated, if known. It is, however, perfectly well settled that the name, if not known, need not be stated. It is supposed by the defendant that there is an inconsistency between the allegation and the proof. But there *is* no inconsistency; it *is* a question of time, a question of tense, grammatically speaking. The complainant may not have known who the person was to whom the sale was made, until he heard the testimony of Haynes, and this was after the complaint had in fact been made. The case was rightly left to the jury, and with proper instructions.

*Exceptions overruled*