## BERT DAVIS v. STATE.

No. A-3647. Opinion Filed Nov. 23, 1921.
(201 Pac. 1001.)

(Syllabus.)

1. Evidence—Absent Witness' Testimony Given at Preliminary

**Hearing.** Where the accused at a former trial or at a preliminary hearing once enjoyed his right to be confronted by a witness against him and had the privilege of cross-examining the witness, if at a subsequent trial, involving the same issues, it satisfactorily appears that the witness has died, become insane, or has permanently left the state without collusion or procurement of either party and that his presence with due diligence cannot be had, or where the witness is sick and unable to testify, or his whereabouts cannot with due diligence be ascertained, a transcript of the testimony of such witness may be introduced as the evidence of such absent witness.

(a) Having once been confronted with a witness, and having had the right to cross-examine him, the admission of such transcript in evidence is not in violation of the constitutional right of the accused to be confronted with witnesses against him.

2. **Same—Necessary Showing for Admission.** Where it appears that the attendance of a resident witness could have been had by the exercise of due diligence, the mere showing that on the day of trial the witness is temporarily in another state on private business is not a sufficient predicate to authorize the reception of his evidence taken at the preliminary hearing.

3. **Larceny—Right to Instruction Covering Explanation of Possession of Stolen Property.** Where the accused is charged with larceny and the possession of the stolen property is admitted by the accused, who by himself and others makes a plausible explanation of such possession, which if believed by the jury would indicate his innocence, the accused under such circumstances, at his request, is entitled to appropriate instructions touching upon his possession of recently stolen property.

Appeal from District Court, Kay County; J. W. Bird, Judge.

Bert Davis was convicted of larceny and sentenced to serve a term of four years in the state penitentiary, and he appeals. Reversed and remanded.

B. C. Wieck, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

BESSEY, J. Bert Davis, plaintiff in error, herein referred to as the defendant, was convicted on the 24th day of April, 1919, of the larceny of a Ford touring car, said to have been stolen early in the month of February, 1918. His

punishment was fixed at four years in the state penitentiary. After the overruling of a motion for a new trial, an appeal was taken and regularly lodged in this court.

The record shows that the subject of the larceny, a Ford touring car, was stolen from the residence of F. C. Hall at Chickasha, Okla., and that the car was afterwards found on the 20th day of February, 1918, in the possession of one Vince Cumiford, in Kay county, and that Cumiford had purchased the car from the defendant a short time previous. Mr. Hall, the owner of the car, went to the premises of Mr. Cumiford and identified the car to the satisfaction of Mr. Cumiford, who then surrendered it to Mr. Hall.

The defendant at this time was engaged in the shoe repairing business at Ponca City where he maintained a shop for that purpose. In addition to this business, he had been engaged in buying and selling second-hand cars, and the testimony on the part of the defendant tends to show that he had bought this particular car from David Lessert, who was a member of the firm of Lessert & Lessert, and that they conducted a garage at Ponca City; that soon after Davis claims to have purchased the car, David Lessert disappeared, and though diligent search was made to ascertain his whereabouts, no one had been able to locate him. There is testimony tending to show that Irv Killion made or negotiated this trade between the defendant and Cumiford, and that Killion had delivered the car to Cumiford; that after the defendant was arrested and placed in jail, Cumiford went to see him, and the defendant denied having sold the car to him.

Numerous assignments of error have been urged why this case should be reversed. Two of these assignments we think are decisive in this case, and these only will be analyzed, namely:

(1). That the court erred in permitting the state to introduce in evidence a transcript of the testimony of F. C. Hall given at the preliminary hearing of this cause, for the reason that a proper predicate was not laid and proper diligence to obtain the presence of the witness was not shown, as a condition precedent for the reception of such testimony.

(2). That the court erred in instructing the jury only upon the state's theory of the case and, on the same issue, in refusing to instruct the jury upon the defendant's theory of the case, tending to explain his possession of the stolen car.

Upon the first proposition, it appears that F. C. Hall's residence was known to the county attorney and the sheriff as being in Chickasha, Grady county, Okla.; that Mr. Hall had promised the sheriff of Kay county that he would come to Kay county to testify in the case upon notice, without a subpoena. The case was set for trial in the trial court for the 7th day of April, 1919, and on that day was continued and reset for the 22d day of April, 1919. On the 16th day of April, the county attorney testified, he put in a call at the telephone office for F. C. Hall at Chickasha and found that he had left his home temporarily and was informed that he had gone to Wichita Falls, Tex. The county attorney then talked over the telephone to Mr. Hall at Wichita Falls, and Mr. Hall explained that he had intended to appear at the trial voluntarily, as promised, but that he had an important oil deal pending in Southern Texas, and that it would be impossible for him to be present on Tuesday, April 22d. The county attorney then appealed to the sheriff to do what he could to persuade Mr. Hall to come. The sheriff then telephoned to Wichita Falls and was informed that Mr. Hall had gone to Southern Texas.

No subpoena was ever issued to the officers of Grady county, where the witness resided. On the 16th day of April,

1919, a subpoena for F. C. Hall was issued, directed to the sheriff of Kay county, and the sheriff's return thereon showed, "F. C. Hall not found in Kay county." Upon this showing the court, over the objections of the defendant, permitted the testimony of F. C. Hall taken at the preliminary hearing to be read to the jury as his deposition.

We have no direct statute in this state with reference to the introduction of testimony of a witness given upon a former trial or preliminary hearing of a case. Section 5543, R. L. 1910, provides:

"The procedure, practice and pleadings in the courts of record of this state, in criminal actions or in matters of criminal nature, not specifically provided for in this Code, shall be in accordance with the procedure, practice and pleadings of the common law."

The common law in force in the United States can only be found in the text-books and in the decisions of the various courts of this country. We must therefore look to these sources to see whether or not the objections offered by counsel for defendant are well founded.

The Constitution of this state, section 20 of the Bill of Rights, provides that in all criminal prosecutions the accused shall have the right to be confronted with the witnesses against him. At common law it has been almost universally held that the chief and essential purpose of confrontation is to secure the opportunity for cross-examination. Where the witness, after testifying at a former trial, has died, become insane, left the state, is sick and unable to testify, or his whereabouts cannot with due diligence be ascertained, it has been held that if the accused at a former trial once enjoyed his right to be confronted by the witness, his constitutional right to meet the witnesses against him face to face is not violated by the admission of the testimony of such a witness whose pres-

ence at a subsequent trial cannot be obtained. Underhill on Criminal Evidence, (2d Ed.) § 265; 2 Wigmore on Evidence, § 1395; Hawkins v. U. S., 3 Okla. Cr. 652, 108 Pac. 561.

It frequently happens that the cross-examination of a witness at a preliminary trial is more or less perfunctory, and that by the time the cause comes on for final trial the defendant is better able, by reason of more time and research, to conduct a thorough cross-examination. There is, of course, also the advantage to be obtained by the personal appearance of the witness in order that the judge and jury may be able to observe the witness' deportment while testifying, and a certain subjective moral effect is produced upon the witness. If the witness can be obtained at the final trial, it is the right of the defendant to require his presence. The question here presented is whether the county attorney, in this instance, under the circumstances above recited, exercised due diligence to produce the personal attendance of the witness F. C. Hall.

The record discloses that Mr. Hall resided in Chickasha; that no subpoena was ever issued, directed to the sheriff of the county in which he resided, and that for nine days after the case was set Hall may have been at his home in Grady county, and that no compulsory effort whatever was made to obtain his attendance; that the county attorney and sheriff of Kay county relied wholly upon a verbal promise of this witness that he would appear when the case came on for trial. It seems probable that if a subpoena had been issued to the sheriff of Grady county within this period of nine days, service could have been had upon this witness and his attendance compelled.

We think that this court in former opinions has followed a rule sufficiently liberal in permitting testimony taken at a

former trial or a preliminary hearing to be used in the absence of the witness, and that this court should not, by judicial construction, extend or enlarge upon the rule announced in former decisions. In many instances the prosecuting officer might prefer to have the testimony taken at a former hearing read to the jury rather than to run the risk of having the witness appear upon the witness stand to be subjected to a rigid cross-examination in the presence of the jury. To lay down the rule that a mere showing that a resident witness is in another state and that no effort or diligence to produce the witness in open court need be shown might enable public prosecutors and others, if it appeared to their interest, to cause witnesses to absent themselves from the jurisdiction of the court to escape further cross-examination. To say that no diligence is required to produce the witness in open court, where it is possible to do so, is not in keeping with the spirit or the letter of the constitutional guaranty that a defendant in a criminal action has a right to be confronted face to face with the witnesses against him. Warren v. State, 6 Okla. Cr. 1, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; Baldock v. State, 16 Okla. Cr. 203, 182 Pac. 265; Temple v. State, 15 Okla. Cr. 176, 175 Pac. 733. As to witnesses out of jurisdiction, see notes to 25 L. R. A. (N. S.) 874; Motes v. U. S., 178 U. S. 458, 20 Sup. Ct. 993, 44 L. Ed. 1150.

We do not mean to say or intimate that the county attorney or those interested in this prosecution did not desire the presence of the witness Hall. What we do mean to hold is that it would be dangerous to relax the rule that a reasonable effort and diligence to produce the witness should be shown, where he and his place of residence were within reach of the court's processes after the cause was set for trial, and in our opinion no such showing was made here. The defendant should not be deprived of the right to be confronted by the prosecuting

witness at the final trial merely because the witness desired to transact important business in another state.

In the case of Motes v. U. S., cited above, Mr. Justice Harlan, speaking for the court, said:

"We are of the opinion that the admission in evidence of Taylor's statement or deposition taken at the examining trial was in violation of the constitutional right of the defendants to be confronted with the witnesses against them. It did not appear that Taylor was absent from the trial by suggestion, procurement, or act of the accused. On the contrary, his absence was manifestly due to the negligence of the officers of the government. Taylor was a witness for the prosecution. He had been committed to jail without bail. We have seen that the official agent of the United States in violation of law took him from jail after the trial of this case commenced, and, strangely enough, placed him in charge, not of an officer, but of another witness for the government, with instructions to the latter to allow him to stay at a hotel at night with his family. And on the very day when Taylor was called as a witness, and within an hour of being called, he was in the corridor of the courthouse. When called to testify, he did not appear."

Touching upon the second assignment of error herein considered, instruction No. 5 given by the court was as follows:

"The jury are instructed that the possession of stolen property recently after the larceny thereof, when unexplained, may be sufficient to warrant the jury in inferring the guilt of the party in whose possession it is found. Whether such inference should be drawn is a fact exclusively for the jury."

Excepted to by the defendant.

The instructions of the court should be pertinent to the evidence produced at the trial. Thornsberry v. State, 8 Okla. Cr. 88, 126 Pac. 590; Cohn v. State, 4 Okla. Cr. 494, 113 Pac. 217.

Here the defendant gave a plausible explanation of his possession of the stolen car. His possession, therefore, was not "unexplained," in any sense covered by this instruction.

The defendant requested an instruction, which was refused by the court, as follows:

"You are instructed that possession of recently stolen property alone is not sufficient proof of the crime charged in the information to warrant a conviction, when a reasonable explanation of the possession of same is made and the circumstances tend to support the explanation."

The court having given the instruction he did, relating to the inference to be drawn from the unexplained possession of recently stolen property, he should, in fairness to the dedendant, have given a further instruction covering the defendant's theory of the case and the evidence tending to explain his possession of this property.

For the reasons stated, the cause is reversed and remanded.

DOYLE, P. J., and MATSON, J., concur.