### MANUEL F. LUGO v. THE STATE.

### No. 7383.　Decided February 7, 1923.

### Rehearing denied March 7, 1923.

**1.—Receiving Stolen Property—Indictment—Name of Owner—Unknown Owner.**

The fact that every material allegation of the indictment must be supported by the proof, and if the indictment alleges the name of the owner of the stolen property, or the thief from whom the receiver is alleged to have gotten same, as unknown, proof of that fact must be made. And where this was done, there was no reversible error.

**2.—Same—Evidence—Arrest—Declarations of Defendant.**

We do not think any of the testimony relative to the transaction occurring between the officers and defendant on this occasion was inadmissible upon the ground that defendant was under arrest and unwarned, as he was not in any sense under arrest—until the property was discovered.

**3.—Same—Requested Charges—Practice in Trial Court.**

There was no error in refusing a peremptory instruction of not guilty, or the charge with reference to the value of the property, as this was submitted in the main charge.

**4.—Same—Rehearing—Unknown Owner—Time of Indictment.**

Whether the grand jury might have ascertained by reasonable diligence the name of the owner of the alleged property is one of the questions submitted to the jury and found in favor of the State, and in deciding that question it would be the facts that were at hand or available at the time the indictment was found, and not those that may come to light at the trial that may prevail. Following Jorasco v. State, 6 Texas Crim. Rep., 340.

Appeal from the District Court of Bexar. Tried below before the Honorable S. G. Tayloe.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wilson & Wilson,* for appellant.—On question of unknown owner: Jorasco v. State, 6 Texas Crim. App., 338; Harper v. State, 227 S. W. Rep., 190; Mayfield v. State, 234 id., 885.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Bexar County of receiving and concealing stolen property of the value of more than fifty dollars, and his punishment fixed at confinement in the penitentiary for a period of two years.

On the occasion alleged in the indictment the store of one Richbook was burglarized and goods amounting in value to about four thousand dollars were taken. Among said goods were large quantities of silks, silk shirts, etc. Thereafter appellant was found in possession of nineteen of said silk shirts, the market value of which, as testified to without contradiction, was $5 each.

It is urged that the facts in evidence are contrary to the averment in the indictment that the name of the person from whom appellant is charged to have received said stolen property, was unknown to the grand jury finding the indictment, and could not have been ascertained by the exercise of reasonable diligence. The testimony of Mr. Richbook is partially reproduced. He said: "I do not think the grand jury knew who it was that broke into my place. . . . I made diligent search and inquiry to ascertain who was the thief so the grand jury would know. Well they looked—they could not find a trace of the thief at all. . . . I had not found the thief up to the date the indictment was brought in. . . . I was trying every way I could to find out who robbed my store, for the information of the grand jury." The assistant district attorney who drew the indictment testified that at the direction of the grand jury he wrote the indictment and stated that the name of the thief was unknown to the grand jury and could not be ascertained after diligent inquiry; further that "we" had endeavored to locate the thief through the detective department and in every way "we" knew how, and it was impossible to find out the thief's name—the party who burglarized Richbook's store. . . . The sheriff's department were witnesses before the grand jury. Detective Ruhnke testified that he investigated the burglary of Richbook's store, and that he went before the grand jury and that he did not know the name of the boys who entered Richbook's store when he went before the grand jury. On cross-examination this witness

stated that one of the boys was arrested at Laredo but he did not remember his name. He had heard it at Laredo but could not now give it. Richbook being recalled, said that he went to Laredo and found one of the boys arrested there but he could not remember his name. While on the stand at this time Richbook testified that he did not know the name of any of the parties when he went before the grand jury, and then testified later that he was not a witness before the grand jury. It is not quite clear from the statement of facts whether Richbook understood when he was referring to the grand jury that he was not talking about the jury before whom the case was then being tried. We recognize the fact that every material allegation of the indictment must be supported by the proof, and that if the indictment alleges the name of the owner of the stolen property, or the thief from whom the receiver is alleged to have gotten same, as unknown, proof of that fact must be made. We do not believe the evidence in this case failed to show that the name of the party from whom appellant is alleged to have received the property, was unknown to the grand jury.

The detective named above while investigating the loss of Richbook's property was informed of the fact that certain trunks had been carried from appellant's place of business recently after the burglary, and went to see appellant for the purpose of finding out if he knew who these parties were and where they had gone. Appellant told him that the boys left there with trunks but he did not know who they were or where they had gone. The officer testified that he went to appellant's place with no intention of arresting him or charging him with any connection with Richbook's property. While at the store and after the conversation above mentioned, the officer observed some government property in said store, the presence of which aroused his suspicion, and he asked permission of appellant to search the premises. In this conversation appellant told the officer that he did not have any of the silk shirts or other property belonging to Mr. Richbook. The officer then told appellant that he was going to telephone for the issuance of a search warrant and that when it came he would search appellant's premises. Thereupon appellant admitted that he had bought some silk shirts from the boys in question. He later went with the officer and showed him where he had the nineteen silk shirts, which were identified by Mr. Richbook as his and as having been taken at the time of the burglary. We do not think any of the testimony relative to the transaction occurring between the officer and appellant on this occasion was inadmissible upon the ground that appellant was under arrest and unwarned. He was not in any sense under arrest until after the officer discovered the presence of the government property and became suspicious and demanded to know of appellant if he did not have some of Richbook's property. Statements thereafter made by appellant would in any event be admissible as found

to be true and leading up to the discovery of the stolen property.

We find no error presented by appellant's bill of exceptions No. 3 complaining of the refusal of his request for a peremptory instruction of not guilty. Bill of exceptions No. 4 complaining of the refusal of special charges Nos. 1 and 3 presents no error. We cannot apprehend the contents of special charge No. 3 seeking to present in some way an issue of misdemeanor theft. Reference to the charge of the court discloses that the court instructed the jury that if they did not believe beyond a reasonable doubt that appellant received and concealed property of the value of more than fifty dollars, they should find him not guilty of felony, and that if they believed that he had so received such property of less value than fifty dollars they might find him guilty of a misdemeanor. We find ourselves unable to agree with any of the contentions made by appellant and an affirmance is ordered.

*Affirmed.*

ON REHEARING.

March 7, 1923.

MORROW, Presiding Judge.—The law applicable to an indictment in which the name of the injured party is omitted and in lieu thereof an averment is made that the person's name was unknown to the grand jurors is stated with much clearness and detail by Judge White in the case of Jorasco v. State, 6 Texas Crim. App., 240.

The judgment in the instant case, in the opinion of this court, does no violence to the rule there stated. The stolen goods were taken from the store of Richbook. He was before the grand jury and testified that he had made diligent efforts to identify the thief and to give his name to the grand jury. The district attorney, whom we understand attended the grand jury and drew up the indictment, said upon the witness stand:

"We endeavored to locate the thief through the detective department and in every way we knew how, but it was impossible to find the thief's name."

He also said that he wrote the indictment after the grand jury had heard the evidence and at the direction of the grand jury.

The stolen goods were found by the witness Ruhnke in the possession of the appellant, who admitted that some boys with trunks had been at his place but claimed he did not know who they were. Ruhnke testified that appellant did not tell him the name of the person from whom he obtained the goods; that he (Ruhnke) went to Laredo where a boy was under arrest and was afterwards convicted of the theft of the goods; that he learned the name of this individual but did not remember when he went before the grand jury; that he did not know the name of any person who committed the theft when he so testified before the grand jury.

Appellant's counsel apparently assumes that the person who was convicted at Laredo for theft was the one from whom appellant received the property. This is not made clear by the evidence. We have found no declaration of any witnesses to that effect, but aside from that suggestion, the evidence, so far as it was introduced, was to the effect that the grand jury did not know the name of the person from whom the appellant received the goods. Whether they might have ascertained by reasonable diligence is one of the questions submitted to the jury and found in favor of the State. In deciding that question, it would be the facts that were at hand or available at the time the indictment was found and not those that may come to light at the time of the trial that would prevail. Applying this rule to the record before us, we are not able to say, as a matter of law, that there was a lack of diligence. Any conflict in the testimony on the subject of diligence must, in view of the verdict, be resolved in favor of the State.

The motion is overruled.

.      *Overruled.*