## LYMAN BOGGESS v. STATE.

No. A-4596.   Opinion Filed Feb. 21, 1925.
(233 Pac. 239.)

(Syllabus.)

Receiving Stolen Goods—Person from Whom Property Received Must Be Alleged and Proved. In an information charging the crime of receiving stolen property from a named person, the allegation of the person from whom the property is alleged to have been received is a material allegation, and must be proven as charged.

Appeal from District Court, Ellis County; T. P. Clay, Judge.

Lyman Boggess was convicted of receiving stolen property, and he appeals. Reversed.

Adkins & Kimbrough and Charles Keffer, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J. The information charges the plaintiff in error with having received from one Clarence Williams various items of personal property, knowing the same to have been stolen. The case has been well tried both on the part of the state, and the plaintiff in error. Various assignments of error are presented and argued in the briefs; among them the assignment that there is no proof that the plaintiff in error, if he ever received any part of the stolen property in question, received it from Clarence Williams, but that, if received at all, it was from one Austin Tillman and Joe Derrick, and from a careful examination of the voluminous record we believe this contention is correct.

In an information charging the receiving of stolen property, the name of the person from whom the property is received must be alleged, or, if unknown, that fact should be alleged. Hartgraves v. State, 5 Okla. Cr. 266, 114 P. 343,

33 L. R. A. (N. S.) 568, Ann. Cas. 1912D, 180; Lugo v. State, 93 Tex. Cr. R. 605, 248 S. W. 387.

In the case of Hartgraves v. State, supra, this court held:

"An indictment for receiving stolen goods should allege the name of the person from whom such goods were so received; and, if the name of such person is unknown, that fact should be alleged."

And in the case of Lugo v. State, supra, the court held:

"Every material allegation of an indictment must be supported by proof, and, if it alleges the name of the owner of stolen property or the thief from whom the receiver is alleged to have gotten it as unknown, proof of that fact must be made."

Even in those jurisdictions where it is not essential that the name of the person from whom the property is received should be alleged, if it is so alleged it must be proven. 17 Encyclopedia of P. & P. 894, note 4.

In the case of Huggins v. People, 135 Ill. 243, 25 N. E. 1002, 25 Am. St. Rep. 357, it was said:

"* * * But where the pleader, although unnecessarily, alleges the commission of the larceny, or burglary or robbery, by a particular person, or that the property was bought or received of a particular person, the allegation becomes matter of description, and must be proved as laid." Commonwealth v. King, 9 Cush. (Mass.) 284; State v. Hazzard, 2 R. I. 474, 60 Am. Dec. 96; U. S. v. De Bare, Fed. Cas. No. 14,935, 6 Biss. 358, 22 Cyc. 445A.

This material allegation was not proven by either direct or circumstantial evidence. We think the failure to prove the property was received from the person charged constitutes a fatal variance. It will not be necessary to notice the other assignments of error.

The case is reversed.

BESSEY, P. J., and DOYLE, J., concur.