## VAN HENRY et al. v. STATE.

No. A-4718.   Opinion Filed Oct. 17, 1925.
(240 Pac. 128.)

Neal & Neal and C. C. Williams, for plaintiff in error.

George F. Short, Atty. Gen, for the State.

EDWARDS, J.   From a conviction on a charge of conjoint robbery, the plaintiff in error, hereinafter called defendant, has appealed.

The plaintiff in error was charged jointly with Van

Henry. Both were convicted, and a sentence of five years imposed. The appeal was joint; Van Henry having accepted a pardon, the appeal as to him has been dismissed. An examination of the record discloses: That on the night of the 3d day of December, 1922, one Myron W. Cromer was held up by two persons in the town of Howe, assaulted, and robbed. Cromer was a stranger in the town, on his way from his home at Fondillac, Kan., to Hartford, Ark. That he got off a Kansas City Southern train at Howe about 1:30 a. m., went to a restaurant, and on his way back to the depot was robbed as stated.

The evidence of the witness Cromer on this point is as follows:

"Q. State your name, please. A. Myron W. Cromer. Q. Where do you live? A. Fondillac, Kan. * * * Q. Do you know the defendants, Van Henry and Hoy White? A. Yes, sir. Q. Did you see them that night? A. Yes, sir. Q. Where did you get off the train—at the depot? A. Yes, sir; right at the depot. Q. Where did you see these boys? A. Inside the depot. Q. Where did you next see them, Mr. Cromer? A. When I was coming back from the restaurant, at the time they held me up. Q. You say they held you up? State to the court what took place, what they did, if anything. A. You see, I went to the restaurant to get a bit of lunch; I left my grip, and when I stepped back to get it, and I had got about to the engine, at the depot platform and this fellow here— Q. (interrupting) Which one? A. That fellow White there, he accosted me with a pistol, and says, 'Put 'em up'; and I says, 'I know you, you are just one of these here fly guys, anyway;' and I says, 'I haven't got nothing;' and he kicked me; * * * I had put my hands down, and they knocked me down like this (indicating); they had already got my folder. Q. When did they get your folder? A. As I went down; I was knocked out, and as I went down, Smith here went in behind me and got it out of my pocket. Q. Smith is this man Van Henry or Van Smith? A. Yes, sir. Q. All right, what happened then? A. Well, one of them said, 'Come on, let's get away from here;' and they went over the track and I went back in the restaurant. * * *"

This is the principal evidence of the commission of the crime except some circumstantial evidence from other witnesses. The defendant's assignments of error may be summarized as follows: First, insufficiency of the evidence; second, error in the admission of incompetent evidence, particularly the admission of the transcript of the evidence of Cromer taken at the preliminary.

Upon the first assignment, the insufficiency of the evidence, we have examined the record with care and find that there is ample evidence to sustain the verdict and sentence. The evidence of the injured person, Myron W. Cromer, alone would be sufficient on that point. But in addition there is corroboration upon some points by several other witnesses. When the evidence is sufficient, although conflicting, its weight and value is for the jury, and it is for them to say whom they will believe or disbelieve. This court will not disturb the verdict on the ground of insufficiency of the evidence.

Upon the second assignment, the record discloses that at the preliminary trial the witness Myron W. Cromer, the person robbed, was produced as a witness for the state, examined at length, and cross-examined, his evidence taken in shorthand and transcribed. At the trial, the witness did not appear, and a transcript of his evidence was admitted in evidence over the objection of the defendant.

It is earnestly contended that there was no sufficient predicate for the introduction of said transcript; that it was not made to appear by competent testimony that the witness Cromer was not a resident of the state or of Le Flore county, that the evidence upon this point was hearsay, and no proper diligence to procure the attendance of the witness was used, citing Temple v. State, 15 Okla. Cr. 176, 175 P. 733; Davis v. State, 20 Okla. Cr. 203, 201 P. 1001; Golden v. State, 23 Okla. Cr. 243, 214 P. 946.

By numerous holdings of this court it is settled law that, where a witness has testified at a preliminary hearing against an accused, and has been cross-examined, or the privilege of cross-examination offered, if, at a subsequent trial involving the same issue, it is satisfactorily made to appear that the witness has died, become insane, or has permanently left the state without collusion or procurement, or where the witness is sick and unable to attend, or his whereabouts cannot with due diligence be ascertained, a transcript of the testimony of such witness may be introduced as his evidence, and the use thereof will not be a violation of the constitutional right of an accused to be confronted with the witnesses against him. Warren v. State, 6 Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 1121; Temple v. State, supra; Davis v. State, 20 Okla. Cr. 203, 201 P. 1001; Davis v. State, 15 Okla. Cr. 386, 177 P. 621; Fitzsimmons v. State, 14 Okla. Cr. 80, 166 P. 453; Exleton v. State, 30 Okla. Cr. 224, 235 P. 627.

Before a transcript of the evidence of a witness given at a former trial is admitted, there should be a showing that the witness cannot be produced, due to some one or more of the exceptions named. The restrictions judicially placed on the admission of this class of evidence should be strictly observed, since it is obvious that this privilege is subject to abuse, and that witnesses who were perfunctorily examined upon a preliminary hearing may be purposely out of the reach of the process of the court, where it might be to the interest of the state to avoid further cross-examination by use of the transcript of their former testimony. It is generally held that where a witness is temporarily absent in another state, or out of the jurisdiction of the court, and proper diligence has not been observed to procure his attendance, a transcript of his evidence should be rejected.

In the case of Davis v. State, 20 Okla. Cr. 203, 201 P. 1001, supra, it was said:

"We think that this court in former opinions has followed a rule sufficiently liberal in permitting testimony taken at a former trial or a preliminary hearing to be used in the absence of the witness, and that this court should not, by judicial construction, extend or enlarge upon the rule announced in former decisions. In many instances the prosecuting officer might prefer to have the testimony taken at a former hearing read to the jury rather than to run the risk of having the witness appear upon the witness stand to be subjected to a rigid cross-examination in the presence of the jury. To lay down the rule that a mere showing that a resident witness is in another state and that no effort or diligence to produce the witness in open court need be shown might enable public prosecutors and others, if it appeared to their interest, to cause witnesses to absent themselves from the jurisdiction of the court to escape further cross-examination. To say that no diligence is required to produce the witness in open court, where it is impossible to do so, is not in keeping with the spirit or the letter of the constitutional guaranty that a defendant in a criminal action has a right to be confronted face to face with the witnesses against him. Warren v. State, 6 Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 1121; Baldock v. State, 16 Okla. Cr. 203, 182 P. 265; Temple v. State, 15 Okla. Cr. 176, 175 P. 733. * * *"

This is the correct rule, and we adhere to it fully. The question for our determination here is: Was this rule violated? The witness Cromer testified upon his preliminary examination that he lived at Fondillac, Kan. For the purpose of laying a predicate for the introduction of his testimony, the county attorney testified, in substance, that Cromer was a resident of the state of Kansas, that he had investigated and knew that he was not a citizen of his county and state, and he had inquired of relatives of said witness at Hartford, Ark., as a basis for his testimony, that the witness was a nonresident, and that he had sent a subpoena for the witness to the place of his residence at Fon-

dillac, Kan. This testimony was admissible, and the information upon which the county attorney based his testimony of the residence and absence of the witness from the state was not incompetent as hearsay. Fitzsimmons v. State, supra; Davis v. State, 15 Okla. Cr. 386, 177 P. 621, supra.

This evidence we think clearly distinguishes this case from the case of Baldock v. State, supra, and Davis v. State, 20 Okla. Cr. 203, 201 P. 1001, supra.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.