FRANK BUCK v. STATE.

No. A-7600. Opinion Filed Feb. 7, 1931.
Rehearing Denied March 6, 1931.
(3 Pac. [2d.] 747.)

Joe S. Eaton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county of the crime of larceny of domestic animals, and his punishment fixed by the jury at imprisonment for two years in the state penitentiary.

The evidence of the state was that on or about the 12th day of January, 1928, the complaining witness, Mathis Page, was the owner of a cow three years old, which was missed from Page's premises on that date; that this cow was in the same field with three head of stock owned by

one Cooksey, and these cattle were all missed at the same time; that during the month of February the Page and Cooksey cows were found in the possession of defendant, in McIntosh county; several witnesses for the state positively identified the Page cow found in defendant's possession as Page's property, which had been stolen from him, and also identified the Cooksey cows missing at the same time and found in the possession of defendant.

Defendant claimed he had bought the Page cow in question from a man by the name of Severe, who in turn had purchased it from an Indian woman named Nancy. The witnesses for the defendant were as positive in their identification of the cow in question as were the witnesses for the state.

After all the testimony had been heard by the jury, they were permitted to view the cow in question, under proper instructions by the court, of which no complaint is made by the defendant.

This court on numerous occasions has held that the credibility of the witnesses and the weight to be given their evidence is exclusively for the jury, and, where there is a conflict in the evidence, this court will not disturb the verdict of the jury where there is competent evidence to support such verdict.

The evidence in this case being sufficient to support the verdict of the jury, the cause will be affirmed unless the errors of law complained of are sufficient to require a reversal.

Defendant contends that the county attorney made prejudicial remarks, in the presence of the jury, during the trial, and was guilty of prejudicial conduct in his argument to the jury.

A careful examination of the remarks complained of, as shown by the record, discloses that none of them were likely to prejudice the jury in any manner.

Defendant contends that the county attorney was guilty of misconduct in the cross-examination of some of defendant's witnesses.

The case was vigorously prosecuted. The county attorney in his cross-examination did subject the witnesses to a critical examination, but there is nothing in the questions nor the conduct of the county attorney that indicates anything other than an effort to test the witnesses both for correctness and truthfulness of their testimony.

Defendant also contends that the court erred in permitting the state to introduce evidence of the finding of other property, stolen at the same time, in the possession of defendant.

There was considerable controversy as to whether the cow in question was stolen from the prosecuting witness or had been purchased by the defendant from other parties. The finding of the cattle stolen from Cooksey in defendant's possession contemporaneous with the possession of the cow in question was a strong circumstance tending to show the guilt of defendant.

This court has held that property recently stolen and found in the possession of defendant contemporaneous with the possession of other property, for the stealing of which defendant is being prosecuted, is admissible as showing a plan or scheme, although it may tend to show the defendant guilty of another offense. Oldham v. State, 42 Okla. Cr. 209, 275 Pac. 383; Oldham v. State, 43 Okla. Cr. 314, 278 Pac. 663.

The defendant had a fair trial. The jury duly found him guilty, and the evidence supports such conviction.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.