## EUGENE GLENN v STATE.

No. A-8171. Dec. 4, 1931.
(5 Pac. [2d] 767.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (George H. Copeland, of counsel), for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Noble county of grand larceny, and was sentenced to serve a year and a day in the state penitentiary.

Defendant is charged with the larceny of 974 pounds of seed cotton, value $29.37. At the time charged, one A. A. Friend had stolen from his field 974 pounds of picked cotton, 4 cotton sacks, and a pair of scales. Early the next morning defendant and two other negroes appeared at Guthrie with a Ford car, attached to which was a four-wheel trailer, on which was 1,940 pounds of seed cotton, some cotton sacks among which were the sacks stolen from Friend, and also the scales. It was also proven that at the same time there was stolen from a farm near that of Friend 979 pounds of cotton; the two amounts aggregating that on the trailer in defendant's possession. There was evidence of the peculiar marks of the tracks made by this car and trailer at both places where the cotton was lost and also the tracks of three men at each place, with peculiar markings of the shoes of defendant and his two companions. The evidence of the larceny by defendant and his companions is conclusive.

The only contention of any moment is that the court erred in admitting testimony of the larceny of the cotton from the neighboring farm at the same time as the larceny from the premises of Friend. Defendant argues this was a trial of defendant for two separate and distinct offenses. Since the prosecuting witness lost only 979 pounds of cotton, it was evident that all the cotton on the trailer did not come from his field. The state had a right to show where the remainder came from as throwing light on the guilt of defendant of the offense charged. Starr v. State, 7 Okla. Cr. 574, 124 Pac. 1109; Miller v. State, 9 Okla. Cr. 255, 131 Pac. 717, L. R. A. 1915A, 1088; Cheeves v. State, 18 Okla. Cr. 480, 196 Pac. 726; McLaughlin v. State, 18 Okla. Cr. 627, 197 Pac. 717. See, also, Young v. U.S., 7 Ind. Terr. 78, 103 S. W. 771. The gist of these opinions

is that any evidence tending to show defendant's guilt is admissible, although it may also tend to prove him guilty of a separate and distinct crime, and, where it is attempted to account for defendant's possession of stolen property, the contemporaneous possession of other stolen property may be shown. The evidence was competent.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.