## W. J. HOLLOWAY v. STATE.

No. A-8875. Sept. 27, 1935.
Rehearing Denied Oct. 11, 1935.
(52 Pac. [2d] 109.)

Ward & Ward and L. O. Todd, for plaintiff in error.

Mac Q. Williamson, Atty. Gen. (Eldon J. Dick, of counsel), for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of receiving, stolen property and his punishment fixed at imprisonment in the state penitentiary for one year.

A brief statement of the facts is about as follows: Defendant operated a second-hand lumber yard in Tulsa, and on the date charged 19 bundles of shingles were stolen from an open yard of the Curd Lundy Lumber Company, in Tulsa. On the day or the second day following, these shingles were found at defendant's place of business. They

were identified, and on demand defendant delivered them to the owner. When these shingles were discovered in the possession of defendant, he stated he had bought them that morning from some person whose name he did not know, but said the individual came there frequently and he would deliver him to the officers. He furnished no further information. Defendant did not take the stand and offered no testimony. Some complaint is made that the shingles were not sufficiently identified, but without reciting the testimony, we conclude there is an abundance of evidence on this point.

The contention is made that there is a variance between the allegations of the information and the proof. The information alleges defendant received the stolen property from "one John Doe, whose true name is unknown." During the course of the trial it developed that at one time after the complaint had been filed defendant stated to the witness Rogers, a police officer, that he had bought the shingles from a man named Charley Robinson. From these circumstances defendant insists the state did know the name of the person from whom defendant received the property and the allegation he was unknown constitutes a fatal variance. He relies on Boggess v. State, 29 Okla. Cr. 234, 233 Pac. 239, and authorities therein cited. This assignment was not mentioned on the trial nor specifically assigned in the motion for new trial and is not specifically assigned in the petition in error. Error, unless fundamental, must be excepted to at the time, assigned in the motion for new trial and in the petition in error; unless this is done, it is waived. However, neither the Boggess Case nor the others cited sustain the contention, under such a state of facts as appear here. In the Boggess Case the information alleged the property was received from one Clarence Williams and the evidence was

that if received at all it was from Austin Tillman and Joe Derrick, which clearly constituted a variance. In the instant case it appears that neither the complaining witness nor the county attorney knew the name of the person from whom defendant received the property; that no evidence upon this point was offered by the state and only the incidental testimony of the police officer that in talking to defendant he informed him he bought the shingles from Robinson. In Moss v. State, 4 Okla. Cr. 247, 11 Pac. 950, 956, it was said:

"But the better rule seems to be that, in the absence of any proof on the part of the state or the defendant touching the matter, the verity of the allegation will be presumed, and the burden is on the defendant to show affirmatively that the accusing officer or tribunal did in fact know the name of such person."

See, also, Reeves v. Terr., 10 Okla. 194, 61 Pac. 828; Robinson v. State, 8 Okla. Cr. 667, 130 Pac. 121; Coffin v. U. S., 156 U. S. 432, 15 Sup. Ct. 394, 39 L. Ed. 481; Com. v. Hendrie (2 Gray) 68 Mass. 503; People v. Grahle, 67 Cal. App. 183, 227 Pac. 227.

Defendant next argues the court erred in refusing requested instructions of defendant. These instructions and the argument are directed to the contention that since defendant made exculpatory statements which were testified to by witnesses for the state, in effect that defendant bought the shingles from one Charley Robinson, that the burden was on the state to prove these statements untrue, citing Davis v. State, 20 Okla. Cr. 203, 204, 201 Pac. 1001; Graham v. State, 12 Okla. Cr. 84, 152 Pac. 136; and authorities from other states. This is coupled with the further argument that defendant was entitled to an instruction in substance that the state was bound by this testimony of the purchase of shingles, and the same must be

taken as true unless the state had proven their falsity to the satisfaction of the jury beyond a reasonable doubt. The state did not attempt to prove that defendant did not purchase the shingles from Charley Robinson. It was not the theory of the state that defendant did not purchase the shingles, but that they were received on some consideration, by defendant, knowing the same to have been stolen. In support it presented testimony by one Spillman, which will be adverted to later, in substance that about a year before the discovery of the shingles at defendant's yard, there was stolen from the lumber yard of Lancaster Lumber Company, at Tulsa, certain screen doors; that the witness found these at the yard of defendant, and upon his being questioned about the possession defendant stated he had bought them from Charley Robinson and that Robinson lived in the same quarter of town as stated in the instant case; that upon demand he had delivered the screen doors to witness for Lancaster Lumber Company, and at the time promised to deliver Robinson to them, but never communicated further with them about it. This testimony was admitted on the theory it would tend to prove intent and knowledge of defendant. In the instant case the court, in substance, instructed the jury that a conviction could not be had upon the unexplained possession of recently stolen property, but before the jury could convict, it must find, in addition to the possession, evidence which tended to connect defendant with the commission of the offense; that the burden was on the state to prove all the allegations beyond a reasonable doubt; that defendant was presumed to be innocent, and before conviction could be had, the state must prove the defendant bought the shingles in question, that they had previously been stolen from Curd Lundy Lumber Company, and that defendant knew at the time same had been stolen. The instructions fully

covered the law of the case, and the refusal of the court to give the requested instructions was not error.

Lastly, it is urged the court erred in admitting certain testimony. This assignment is directed to Spillman's testimony of the finding of stolen property at defendant's place of business on a prior occasion as above set out. It is well settled that testimony which tends to show plan or scheme or to prove intent is admissible although it may have a tendency to show defendant guilty of some other crime. As applied to the receiving of stolen property, see Heglin v. State, 56 Okla. Cr. 364, 40 Pac. (2d) 41. There is an abundance of authority that the contemporaneous posession of other stolen property is admissible. Evidence of the possession of property at a prior or subsequent time, stolen at a different time and place from the property involved in the charge, is admissible on the question of guilty knowledge. State v. Zeman, 62 Utah, 422, 226 Pac. 465. Under this assignment it is earnestly argued the court erred in admitting proof of a city ordinance requiring a dealer in secondhand property to keep a record open for the inspection of the police. We have examined the testimony on this point and are of the opinion it was more favorable to the defendant than otherwise and did not influence the verdict. Cunningham v. Ponca City, 27 Okla. 858, 113 Pac. 919.

Upon a consideration of the entire record, we are satisfied defendant was fairly tried; that his guilt is clearly established; and that no reason for reversal is made to appear.

The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.