**Application of Ernest JONES,
for Writ of Mandamus.**

No. A-13080.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1961.

Ernest Jones, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original action by Ernest Jones, petitioner, to obtain a casemade by mandamus. He alleges in substance that he is being held under a void conviction rendered by the district court of Stephens County, Oklahoma, from which he desires to perfect an appeal. Petitioner further alleges that he filed an affidavit forma pauperis for casemade at the expense of the State, which was by the trial court denied. This action, he alleges, has denied him his right to casemade by which he could demonstrate the void character of his conviction, judgment and sentence.

To this petition the State has filed a response, alleging in substance that the petitioner was charged by information in the district court of Stephens County with the crime of burglary with explosives, allegedly committed on January 2, 1960. He was tried by a jury and convicted on April 20, 1961. In accordance with the verdict, petitioner was sentenced to the penitentiary for a term of twenty years on April 24, 1961. At the time of judgment and sentence, the petitioner appeared with his counsel, Hon. A. W. Mauldin, and waived his right to file a motion for new trial, and requested that judgment and sentence be pronounced immediately, all of which appears in both the judgment and sentence and the court minutes.

It has been repeatedly held where a dispute arises as to the trial procedure, the minutes of the court are the best evidence of what transpired. Ex parte Hunt, 93 Okl.Cr 106, 225 P.2d 193; Ex parte McCombs, 94 Okl.Cr. 270, 234 P.2d 953.

The sole question presented by this petition is, did the trial court abuse its discretion in denying the writ of mandamus for casemade requisite to an appeal.

We are of the opinion that the trial court did not abuse its discretion in denying the petition for casemade, because

834

a prerequisite to an appeal is the filing of a motion for new trial, since it has been held that only those assignments of error presented in a motion for new trial will be considered on appeal to this court, unless the error is of a fundamental character. Campbell v. State, 95 Okl.Cr. 396, 247 P.2d 281; Washington v. State, 73 Okl.Cr. 81, 118 P.2d 267; Holloway v. State, 58 Okl. Cr. 100, 52 P.2d 109.

No motion for new trial was ever filed, as provided in 22 O.S.1951 § 953, and no fundamental error is apparent from the pleadings before us.

The right to file a motion for new trial having been expressly waived, relief by mandamus for casemade on the record herein is not now available.

The writ is denied.

NIX, P. J., and BUSSEY, J., concur.