FRANK MODELLO V. THE STATE.

No. 5365.   Decided May 14, 1919.

**1.—Theft from the Person—Co-Defendant—Confession—Flight.**

The flight of a codefendant after the consummation of a conspiracy, if that existed between them at the time of the supposed commission of the offense charged in the indictment, will not justify the introduction in evidence of that flight against his codefendant. Following McKenzie v. State, 32 Texas Crim. Rep., 578, and other cases.

**2.—Same—Evidence—Reproduction of Testimony.**

Where, upon trial of theft from the person, the record on appeal showed that the witness who gave testimony before the examining court was in the Republic of Mexico at the time of the trial and beyond the jurisdiction of the court, there was no error in reproducing his former testimony against the defendant. Following Robertson v. State, 63 Texas Crim. Rep., 216, and other cases.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

·The opinion states the case.

*Jno. F. Weeks* and *Chas. Owen,* for the appellant.—On question of admitting evidence of flight of codefendant. Landers v. State, 63 S. W. Rep., 557, and cases cited in the opinion.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant and Ernesto Amato were jointly charged with theft from the person of one Frederico Mesa. In the second count they were charged with ordinary theft from the same party.

During the trial evidence was introduced showing the flight of appellant's codefendant Amato. It is shown that Amato was on trial, and before its conclusion he left, his bond was forfeited, and he was later arrested in Harris County. The court seems to have admitted this testimony because of the fact that about the time Amato left El Paso County, pending his trial, appellant also left El Paso County, and was arrested in Harris County at the time, or about the same time, that Amato was arrested. There was evidence also introduced that they did not leave El Paso County together, and that they had not seen each other in Harris County prior to their arrest at that point. Evidently the court admitted the testimony of Amato's flight on the theory that they were jointly indicted, and fled about the same time, and were subsequently arrested about the same time. This did not justify the admission

of the testimony of Amato's flight. The flight of a codefendant after the consummation of a conspiracy, if that existed between them at the time of the supposed commission of the offense charged in the indictment, will not justify the introduction of that flight against his codefendant. This has been the subject of quite a number of decisions. See McKinzie v. State, 32 Texas Crim. Rep., 578, 579; Jump v. State, 27 Texas Crim. App., 460; Landers v. State, 63 S. W. Rep., 557; Price v. State, 40 S. W. Rep., 596; People v. Stanley, 47 Cal., 113; Brown v. United States, 150 U. S. 98; Logan v. United States. 144 U. S. 309. The acts and declarations of one co-conspirator cannot be used against another co-conspirator after the consummation of the alleged crime. It can only be used against the party making the statement or confession, or doing the act.

Another bill recites that the testimony of Frederico Mesa given before the examining court was reproduced against appellant on his trial. It may be stated that a proper predicate was laid showing that Mesa was in the Republic of Mexico; that he was a Mexican citizen temporarily in the City of El Paso at the time of the alleged theft. This question has been the subject of quite a number of decisions in Texas which have been very fluctuating in their nature. The writer is of the opinion that the proposition of appellant is well taken and should be sustained, but his views have been written out fully in Cline v. State, 36 Texas Crim. Rep., 320, and other cases, and nothing here he may state would be of any further service. The rule now obtains, since the overruling of the case of Kemper v. State, 63 Texas Crim. Rep., 1, by the case of Robertson v. State, 63 Texas Crim. Rep., 216, that the court was authorized to permit the State to reproduce the testimony. The writer is of the opinion this was error but does not care to write any further in regard to the matter. If what he wrote in those cases fails to convey his legal views of the question, it would be useless to try to do so.

For the error in admitting evidence of the fight of the co-conspirator, the cause will be reversed and remanded.

*Reversed and remanded.*