## OLSON FOSTER v. STATE.

No. A-5657.  Opinion Filed Aug. 28, 1926.
(248 Pac. 847.)

C. A. Summers, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county on a charge of robbery with firearms, and

sentenced to serve a term of 25 years in the state penitentiary.

The evidence disclosed that J. M. Bates was engaged in the mercantile business at Haskell, and on the night of the commission of the crime charged was sleeping in his store. During the night he heard some one in the building, and discovered a man with a flash light, whom he intercepted. A fullisade followed; the intruder shot Bates, and Bates returned the fire and shot the intruder twice. The man shot was Orie Smith, who was later tried and convicted of robbery. In the trial of defendant, Bates testified that he saw only one man in the store, but heard an automobile running outside. Other witnesses, immediately after the shooting, saw some one running away from the store, whom the state attempted to identify as defendant. The shooting was about 2:30 a. m. About sunrise, defendant was arrested two miles north and three-quarters of a mile east of Haskell. There was some evidence of a statement made by him which might be construed as an admission of his connection with the crime.

The defendant testified that on the night of the offense charged he met Orie Smith at a barber shop at Muskogee, and Smith suggested that he would take defendant to his home near Haskell after work hours; that he came between 11 and 12 o'clock, and defendant went with him in a Ford roadster to the town of Haskell, and there Smith left the car, ostensibly to get some barber tools, and defendant remained at the car, and while waiting he heard some shooting, became alarmed and left, and started to walk home, and had gone about 2½ miles when overtaken by the officers, about 7 or 7:30 a. m.; that he did not know that Smith intended to commit any robbery, and had no connection with him other than as stated. Separate trials of the defendant and Smith were had.

Several assignments of error are argued in the brief,

but we deem it necessary to consider only one of them. It is argued that the trial court erred in permitting the state to introduce a transcript of the testimony of a witness, Swanson, given at the separate trial of Smith. Swanson was a deputy sheriff, and his testimony was material. On the day preceding the trial of defendant, a subpoena was issued for this witness; but, as he was temporarily out of the state, it could not be served. His testimony, ex parte so far as defendant was concerned, was thereupon read in evidence, over the objection of defendant. Defendant, at the time of the trial of Smith, was confined in jail, and was not present. The constitutional right of the defendant to confront the witnesses against him was so clearly infringed that it cannot seriously be contested. Even had the defendant been a party to the proceeding in which the testimony of the witness Swanson was given, there was not a sufficient showing of diligence to procure the attendance of the witness as would warrant the use of the testimony given at the former trial. Davis v. State, 20 Okla. Cr. 263, 201 P. 1001; Temple v. State, 15 Okla. Cr. 176, 175 P. 733.

It is fundamental that a defendant on trial, charged with crime, has a right to meet the witnesses against him face to face, and to cross-examine them, if he desires. Where a witness has testified in a preliminary hearing, or in a former trial of a defendant upon a charge, where the defendant was present and had opportunity to cross-examine, if thereafter such witness shall die, become insane, leave the state, or after due diligence cannot be found, or is sick and unable to testify, and probably in some other contingencies, his testimony taken at such former hearing or trial, upon a substantial compliance with the statutory requirements, may be used as the deposition of such witness at any subsequent trial. Section 20, art. 2, state Constitution; section 2349, Comp. Stat. 1921; Mendenhall v. U. S., 6 Okla. Cr. 436, 119 P. 594; Warren v. State, 6

Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 1121; Washmood v. U. S., 10 Okla. Cr. 254, 136 P. 184; Spear v. State, 7 Okla. Cr. 379, 123 P. 852; Mattox v. U. S., 156 U. S. 237, 5 S. Ct. 337, 39 L. Ed. 409; 2 Wigmore on Evidence, § 1395.

The admitting in evidence of the transcript of the testimony of the witness Swanson was prejudicial. The case is reversed and remanded.

The warden of the penitentiary will surrender the plaintiff in error to the sheriff of Muskogee county, who will hold him in custody until he shall be discharged, or his custody changed by due course of law.

BESSEY, P. J., and DOYLE, J., concur.