## GILMORE v. UNITED STATES.

### No. 2505.

Circuit Court of Appeals, Tenth Circuit.

June 29, 1942.

---

Wm. Hedges Robinson, Jr., of Denver, Colo., for appellant.

Cleon A. Summers, U. S. Atty., of Muskogee, Okl., for appellee.

Before PHILLIPS and HUXMAN, Circuit Judges, and SAVAGE, District Judge.

SAVAGE, District Judge.

The appellant, Dewey Gilmore, prosecutes this appeal from the judgment of the District Court of the United States for the Eastern District of Oklahoma overruling his motion to vacate judgment and sentence and denying his petition for a writ of habeas corpus ad prosequendum.

In May, 1935, an indictment was returned in the United States District Court for the Eastern District of Oklahoma charging Gilmore and others in two counts with the armed robbery of a national bank. When arraigned on July 26, he entered a plea of not guilty. On September 17, Mr. Don Cameron was appointed to represent Gilmore and the case was set for trial on October 16. An order was entered on October 4 striking the case from the trial assignment. This case was docketed as cause No. 19375.

On October 2, 1935, a second indictment containing two counts was returned against Gilmore and others, which was docketed as cause No. 19632. This indictment was identical with that returned in case No. 19375, except that Jack Miller was added as a defendant. Gilmore and co-defendants, Cooper and Short, were arraigned on October 4, 1935, and each entered a plea of not guilty. Mr. Mosely DeGraffenreid appeared as attorney for Gilmore and his co-defendant Cooper. Mr. W. F. Rampendahl appeared as attorney for the defendant Short. The court upon the same date entered an order setting the case for trial on November 25, 1935. The trial resulted in a verdict of guilty on both counts of the indictment. The court on December 9 sentenced Gilmore to imprisonment for a term of twenty years on the first count and twenty-five years on the second count, to run concurrently.

On February 19, 1936, the court dismissed case No. 19375 in response to a suggestion by the District Attorney that it was a duplicate of case No. 19632 in which Gilmore had been convicted and sentenced.

Gilmore, on September 14, 1941, filed his motion to vacate the judgment and sentence. The grounds upon which he relied were:

(1) That he had been induced by fraud, duress and coercion to sign a waiver of immunity from prosecution for any offense disclosed by him in his testimony given in the presence of the grand jury; that he was denied the advice of counsel before signing such waiver of immunity and testifying before the grand jury; that he did not therefore willingly and effectually waive immunity from prosecution and consequently was immune from prosecution as a result of testifying before the grand jury.

(2) That he did not have the effective aid of counsel in the trial of the case.

He incorporated into his motion a petition for writ of habeas corpus ad prosequendum in order that he might be present to testify at a hearing thereon.

The Government filed a response denying that Gilmore was persuaded to sign the waiver of immunity by fraud, duress or coercion and denying that he was not properly represented by counsel at the trial of the case. It alleged that Gilmore asked to be permitted to go before the grand jury and testify and was only permitted to do so after he had signed a waiver of immunity from prosecution; that he was represented at such trial by Mr. Don Cameron, a member of the bar at Muskogee, Oklahoma; that Mr. Cameron made an argument to the jury on behalf of Gilmore and that the rights of the defendant were fully protected throughout the trial. In addition, the Government asserted that Gilmore was not entitled to have a writ of habeas corpus ad prosequendum issued for him to be brought from Alcatraz prison in California to Muskogee, Oklahoma, for hearing on the motion inasmuch as there were no material matters concerning which he could testify that would be competent evidence at such hearing.

The court denied the motion to vacate the judgment and sentence and refused to issue the writ of habeas corpus ad prose-

quendum. This appeal was granted in forma pauperis and counsel was appointed to represent the appellant at this bar.

■■ The court was without jurisdiction to vacate the judgment and sentence. The motion was filed long after the term at which the judgment was entered had expired. It is the general rule that a court, in the absence of statutory authority, cannot set aside or modify its final judgment after the expiration of the term at which it was entered, unless a proceeding for that purpose was begun during that term. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Kelly v. United States, 9 Cir., 297 F. 212; Fine v. United States, 7 Cir., 67 F.2d 591. There are certain exceptions, but the reasons advanced for setting aside the judgment in this case do not fall within any recognized exception. See United States v. Mayer, supra; Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392; Gilmore v. United States, 10 Cir., 124 F. 2d 537.

But we do not rest our decision solely upon the court's lack of jurisdiction.

It is urged that the trial court committed error in denying the appellant's petition for writ of habeas corpus ad prosequendum. The record reveals that Gilmore was confined in the federal penitentiary at Alcatraz, California, when the motion to vacate was heard and denied. He insists that it was incumbent upon the trial court to issue the writ of habeas corpus ad prosequendum to enable him to be present to testify in an effort to sustain the burden of proving the facts alleged in his motion.

■■■ It is apparent that the appellant should have sought to have the court issue a writ of habeas corpus ad testificandum since he desired to be removed from prison to the jurisdiction of the court to testify in his own behalf. The function of the writ of habeas corpus ad prosequendum is to remove a prisoner to the proper jurisdiction for prosecution. Ex parte Bollman, 4 Cranch 75, 8 U.S. 75, 2 L.Ed. 554. The improper designation of the desired writ is not fatal since the petition adequately disclosed that the appellant prayed the issuance of a writ which would enable him to be present in court to testify at the hearing on the motion.

■ The writ of habeas corpus ad testificandum is a common law writ of ancient origin. Its object is to direct the custodian of a desired witness who is incarcerated to bring such witness into court to give testimony. The granting of the writ rests largely within the discretion of the court. In re Thaw, 3 Cir., 166 F. 71, Ann.Cas. 1915D, 1025; Wigmore on Evidence, 3d Ed., Section 2199; Neufield v. United States, 118 F.2d 375, at page 385. Our inquiry thus resolves itself into a question of whether the denial of the writ was an abuse of discretion.

■ The allegations and admissions made by the appellant in the motion to vacate and the facts alleged by the Government in the response thereto, together with the facts disclosed by the record, abundantly demonstrate that the court was not guilty of an abuse of discretion in denying the petition for the writ.

As heretofore pointed out, Gilmore contends in the motion to vacate that he was induced by fraud, duress and coercion to sign the waiver of immunity from prosecution for any offense brought to light by him in his testimony before the grand jury. This allegation was denied by the Government in its response signed and filed by the United States District Attorney. In such response the District Attorney stated that Gilmore made a free and voluntary confession without any promise or threats upon the part of any representative of the Government; that Gilmore asked to be permitted to appear and testify before the grand jury and he was only permitted to do so after he had signed and executed a waiver of immunity. The waiver of immunity in writing executed by Gilmore is set out in full in the Government's response. It reads in part:

"I agree that any and all testimony that I may give may be used against me. I have been informed by the United States Attorney that I do not have to go before the grand jury, and I now request to be permitted to go before said grand jury and appear as a witness.

"I further state that I have not been made any promises, nor have threats been made to me relative to my testimony, and in going before this grand jury I do so voluntarily and of my own free will and accord."

Gilmore in his motion admits that he signed an instrument wherein he purported to waive immunity from prosecution. Obviously, the testimony of Gilmore, if he had been present at a hearing on the motion to vacate, with respect to the circumstances under which he executed the waiver of

immunity from prosecution prior to giving his testimony before the grand jury, could not have been given sufficient weight to establish the charges made in such motion in view of the written waiver of immunity and the statements made in connection therewith by the District Attorney.

Gilmore had been convicted of the armed robbery of a national bank, an infamous crime. In addition, after his conviction in this case and while awaiting sentence, he participated in an abortive attempt to escape from jail which resulted in the murder of a police officer. He was charged with the murder, tried, convicted and sentenced to imprisonment for a term of ninety-nine years, such sentence to run concurrently with the sentence being served in this case. Gilmore v. United States, supra. In this setting, it seems appropriate for the trial court to conclude that he would be unable to give sufficient credence to Gilmore's testimony to justify the expense and inconvenience of transporting him, with guards, from Alcatraz, California, to Muskogee, Oklahoma.

 His contention that he was not provided with the aid and advice of counsel before signing the waiver of immunity and testifying in the presence of the grand jury is entirely without merit. He relies upon the Sixth Amendment to the Constitution which guarantees that "in all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." At the time he signed the waiver of immunity and testified before the grand jury, he had not been charged with any offense against the laws of the United States. He was protected by the Fifth Amendment from being held to answer for an infamous crime until after a presentment or indictment of a grand jury.

The inquiry made by the grand jury which resulted in the return of the indictment was not a criminal prosecution within the purview of the Sixth Amendment. His right to have the assistance of counsel for the defense of his case did not accrue until his indictment had been returned into court by the grand jury. In discussing the Sixth Amendment, the Supreme Court in Counselman v. Hitchcock, 142 U.S. 547, at page 563, 12 S.Ct. 195, at page 198, 35 L.Ed. 1110, said: "But this provision distinctly means a criminal prosecution against a person who is accused and who is to be tried by a petit jury. A criminal prosecution under article 6 of the amendments is much narrower than a 'criminal case,' under article 5 of the amendments."

 The complaint made by appellant that he did not have the effective aid of counsel in the trial of the case is manifestly without merit. The record, together with admissions made by appellant in his motion to vacate, show that he was represented by counsel at the trial of the case and that counsel was assigned by the court to represent him well in advance of the trial, thus affording ample opportunity for consultation and preparation. The court entered an order in case No. 19375 on September 17, 1935, appointing Mr. Don Cameron to represent the appellant and at the same time an order was made setting the case for trial on October 16, 1935. A few days thereafter the case was stricken from the trial assignment. The indictment was not returned in this case (No. 19632) until October 2, 1935. While the record does not show that an order was entered by the court appointing counsel to represent Gilmore in this case, it does appear from the record that he was represented by Mr. DeGraffenreid when arraigned on October 4, 1935, upon which date the cause was set for trial on November 25, 1935. The appellant admits in his motion that Mr. Cameron, the attorney appointed by the court on September 17, 1935, in case No. 19375, represented him at the trial of case No. 19632, and made an argument to the jury in his behalf. The indictment in case No. 19632 was identical with that returned in case No. 19375, except for the addition of Jack Miller as a defendant. After judgment and sentence had been entered in case No. 19632, the court dismissed case No. 19375 upon the ground that it was a duplicate of the former case. It is thus fairly apparent from the record that case No. 19632 charged the appellant with the same offenses with which he had been charged in case No. 19375, and that while the order made by the court appointing Mr. Cameron to represent the appellant was entered in case No. 19375, he, in fact, represented the appellant in this case as well.

The appellant relies upon Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, and Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.

In Johnson v. Zerbst, it is held that, if an accused is not represented by counsel

or has not intelligently waived his right to counsel, the guarantee of the Sixth Amendment that the accused in criminal prosecutions "shall enjoy the right * * * to have the Assistance of Counsel" stands as a bar to a valid conviction. In Powell v. State of Alabama, it is pointed out that the Sixth Amendment requires the court to assign counsel for a defendant who is unable to employ counsel at such a time and under such circumstances as to permit him to give effective aid in preparation for and in the trial of the case. But these cases are not apposite here because of a different state of facts. In Johnson v. Zerbst, the defendants were not represented by counsel at the trial or at any other stage of the proceedings. In Powell v. State of Alabama, a final and effective assignment of counsel to represent the defendants was not made until the very day of trial and no opportunity was granted for preparation of the defense in advance of the trial. Here, the records shows that Gilmore was represented by counsel at the trial of the case. Counsel was assigned to him more than two months in advance of the trial. No application was made for a continuance. He did not at any time suggest to the court dissatisfaction with the manner in which the defense of the case was being conducted. His first suggestion of inefficiency or lack of diligence on the part of counsel representing him comes in the motion to vacate the judgment and sentence filed almost six years after sentence had been imposed.

The question next arises as to whether Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, is controlling. In that case, the court held that under the statutes governing habeas corpus where the pleadings raise substantial issues of fact the writ must be granted, the prisoner produced and the case determined upon a hearing of evidence and argument; that where substantial issues of fact are disclosed by the pleadings, the statute does not permit a disposition of the case on ex parte affidavits. But in that case the court had for consideration the writ of habeas corpus having for its object a release from unlawful imprisonment. Such writ was known at the common law as "habeas corpus ad subjiciendum." Blacks L.D., 3d Ed., p. 865. It was called by Blackstone the most celebrated writ in the English law, and the great and efficacious writ in all manner of illegal confinement. 3 Bl. Comm. 129. This is the character of writ of habeas corpus referred to in R.S. § 761, 28 U.S.C.A. § 461, construed by the court in Walker v. Johnston. We are concerned here with a petition for writ of habeas corpus ad testificandum which, as before stated, has for its purpose only the bringing of a witness into court who is held in custody. Manifestly, the case of Walker v. Johnston does not apply to the character of writ here under consideration.

 Moreover, even if it could be said that Walker v. Johnston applies to a writ of habeas corpus ad testificandum, the case is not controlling since it was there held that the writ may be denied if it appears upon the face of the petition that the petitioner is not entitled thereto. Minnec v. Hudspeth, 10 Cir., 123 F.2d 444. The record in this case, together with the admissions made in the motion to vacate, demonstrate that Gilmore executed a waiver of immunity from prosecution in writing before testifying in the presence of the grand jury and that he was represented by counsel appointed by the court in the trial of the case with a sufficient time allowed for consultation and preparation for trial. No constitutional right of the appellant was invaded by the failure of the court to assign counsel prior to the return of the indictment by the grand jury.

The judgment is affirmed.