Johnny BARRETT, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12893.

Court of Criminal Appeals of Oklahoma.

Dec. 14, 1960.

Raymond Burger, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Carroll J. Bowie, County Atty., Pauls Valley, for defendants in error.

BRETT, Judge.

This is an appeal by Johnny J. Barrett, Plaintiff in Error, and defendant below, wherein he was charged by information with the crime of burglary in the 2nd degree as a second and subsequent offender. The crime was allegedly committed on December 2, 1958; he was tried by a jury, convicted, and his punishment was fixed by the jury at 20 years in the state penitentiary. Judgment and sentence was entered accordingly on October 29, 1959. From the judgment and sentence so imposed, this appeal has been perfected.

Briefly, the facts establish that in the nighttime on December 2, 1958, the defendant and another accomplice broke into the Western Store operated by Mr. G. M. Morris, in Lindsay, Oklahoma, where they allegedly removed the cash register from the store and a quantity of cowboy boots. Defendant allegedly gained entrance into the store through the skylight by forcible means. A boy named Charles Castoe, 16 years of age, sat in the automobile as a lookout, while the defendant and his accomplice consummated the burglary. A few days after the burglary was consummated, the defendant was arrested in Clinton, Oklahoma, by the police. Defendant was wearing a slightly worn pair of boots similar to those taken from Morris' store. It was established by Castoe that defendant was in the vicinity of said store on the day of the burglary, and by Mr. Morris that the Western Store had been burglarized. He testified that the cash register, found later abandoned near Lindsay, Oklahoma, was his cash register.

When the defendant was arrested in Clinton, Oklahoma, about 20 feet from his automobile under a pile of rubbish covered by tree limbs, were found several pairs of boots corresponding in size and style and color, to those taken in the burglary of the Western Store. Empty boxes on the store floor designating style and size, likewise corresponded to that of the boots thus found. The cash register testified to by the accomplice Castoe, was found on top of a hill out toward "Hughes School" where Castoe told officers that they had thrown it away. When the defendant was arrested in Clinton, Oklahoma, and interrogated by the officers from Garvin County, the defendant, himself, asked officer Cape if they had recovered the cash register taken from the Western Store. This question asked by the defendant, himself, without any prompting from the officers concerning the cash register, indicated that defendant had to know of the theft of the cash register in order to ask such a question without prompting of the officers. Defendant further stated that if the officers would release Charles Castoe he would take the rap for those cases down at Pauls Valley. There is corroborative evidence in the case, in the finding of the cash register where Castoe said it had been thrown away and by the question of the defendant relative to the same, and by the further fact that at the time of the defendant's arrest the defendant was wearing a pair of cowboy boots of the description of those stolen from the Western Store, as well as by the finding of the boots twenty feet from defendant's automobile under the pile of rubbish which likewise fit the description of those stolen from Western Store.

The foregoing facts are sufficient to bring the case within the rules announced in the following cases: Taylor v. State, 90 Okl.Cr. 283, 213 P.2d 588, 595:

"Evidence corroborative of an accomplice need not directly connect the defendant with the commission of the

crime; it is sufficient if it tends to connect him with its commission.

"Evidence corroborating an accomplice and tending to connect the defendant with the commission of the crime [charged,] need not be direct, but may be circumstantial only.

"Where there is evidence in corroboration of an accomplice tending to connect a defendant with the commission of the crime charged, the sufficiency of such corroborating evidence is for the jury.

"Where the sufficiency of the evidence to corroborate an accomplice is challenged, this court will take the strongest view of the corroborating testimony that such testimony will warrant, and, if it can say that there is corroborating evidence tending to connect the defendant with the commission of the offense, it will uphold the verdict."

And England v. State, Okl.Cr., 276 P.2d 270, as well as numerous other authorities to the same effect. Under these authorities the corroborative evidence was entirely sufficient to corroborate the testimony of the witness, Castoe.

■ The defendant's second proposition relates to argument of the County Attorney that he was convicted in 1951 of a felony. In this regard we do not find that argument to be offensive for the reason that it was stipulated at the outset of the trial that the defendant had been convicted on several prior occasions. The Attorney General concedes that the County Attorney made some statements which would have been better off left unsaid, such as that this defendant should be given a hundred years in the penitentiary. In view of these extravagances in the closing argument, we are of the opinion that justice requires the judgment and sentence be modified from 20 years in the State Penitentiary to 18 years in the State Penitentiary. As modified, the judgment and sentence is accordingly affirmed.

POWELL, P. J., and NIX, J., concur.