Jack Allen BARBER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13252.

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1963.

Rehearing Denied Jan. 15, 1964.

Ed Parks, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JOHNSON, Judge:

On August 25, 1961 the plaintiff in error, Jack Allen Barber, hereinafter referred to as defendant, was charged by information in the district court of Tulsa County with the crime of robbery with firearms, conjoint. The information named as defendants Max Leroy Steed, Charles Henry Woods, Jack Allen Barber and B. M. (Pete) Bishop as defendants. The information charge that the offense was committed on or about July 30, 1961 in Tulsa County. This defendant was arraigned on September 30, 1961, entered a plea of not guilty, and the case was set for trial on the October district court docket. The case was passed, and on November 8, 1961 a co-defendant requested a severance, and the same was granted. After several continuances, and on February 22, 1962 the State was granted permission to file an amended information, against this defendant.

On March 8, 1962 the jury returned a verdict finding defendant guilty, and on March 9, 1962 the State read to the jury the information on a former conviction and presented evidence, the court instructed on same, and argument of counsel was heard. The jury found the defendant guilty of robbery with firearms after former conviction of a felony, and assessed his punishment at 15 years in the state penitentiary. Defendant was sentenced on March 19, 1962, and appeal has been perfected to this Court.

■ Defendant's first proposition is that the court erred in overruling the demurrer of the defendant to the information filed. The accused by counsel had entered a plea of not guilty on his first appearance in court, and had later, when the case was called for trial, through his counsel, announced ready for trial without filing a demurrer to the information. Then after the jury had been selected and sworn, and the opening statement by the plaintiff given, the accused, through his attorney, undertook for the first time to orally demur to the information, on the grounds that there were only three men charged on the face of the information with robbery, while there were four mentioned in the body of the information. This proposition certainly has no merit for this Court has held that:

> "Objections which appear upon the face of an indictment or information, except those which relate to the jurisdiction of the court, or subject matter of the offense, or that facts stated do not constitute a public offense, must be presented by demurrer, and if not so presented in proper time, they are waived."

Richards v. State, Okl.Cr., 278 P.2d 253; Simpson v. State, 16 Okl.Cr. 533, 185 P. 116; and Roberts v. State, 72 Okl.Cr. 384, 115 P.2d 270.

■ The defendant's remedy to the sufficiency of the information, after announcing ready for trial, was by motion objecting to introduction of evidence at time of trial or in arrest of judgment, but not by demurrer. Jennings v. State, 92 Okl.Cr. 347, 223 P.2d 562.

■ And finally this Court has held that in ruling upon a demurrer to the information, it is only incumbent on the trial court to determine whether the information was reasonably certain as to the offense charged and was couched in such language as to enable a person of common understanding to know what is intended, so that he may prepare his defense, and also so that a judgment of acquittal or conviction would be a bar to a subsequent prosecution for the same offense. Johnson v. State, 79 Okl.Cr. 71, 151 P.2d 801.

The second proposition presented is that the trial court erred, when it allowed the testimony of a key witness for the State to be introduced by transcript. The defendant relies on four cases to sustain his contention, Golden v. State, 23 Okl.Cr. 243, 214 P. 946; Davis v. State, 20 Okl.Cr. 203, 201 P. 1001; Scott v. State, 43 Okl.Cr. 232, 278 P. 393; and Foster v. State, 35 Okl.Cr. 70, 248 P. 847.

Each of these cases was, distinguishable from the present case. The Golden case presents a subpoena that was returned with a notation, "not found" endorsed thereon and there was no evidence or showing that the witness was out of the State or out of the jurisdiction of the court. The circumstances in the Davis case showed that the witness was a resident of Grady County and no subpoena had been issued for him, he had merely orally promised to attend the trial and no effort had been made to serve him. Further evidence showed that he was only temporarily out of the State, therefore the transcript from the preliminary could not be introduced.

In the Foster case the transcript that the State attempted to introduce was one taken in a case other than the one being tried, therefore this Court held that evidence taken in a proceeding in which the defendant was not a party was prejudicial error.

Finally, in the Scott case, the record shows there was great confusion as to the whereabouts of the witness whose testimony the State attempted to introduce by transcript. However, there was no definite proof that he was not within the State of Oklahoma, therefore the Court in an opinion by Judge Davenport held that the transcript could not be introduced.

In the instant case there is no question as to the whereabouts of Charles Henry Woods. He had been in the custody of the Federal Government for some time, and was confined in the Federal prison in Texarkana, Texas, at the time of the present trial. This Court has been very explicit in this and as so ably pointed out in the State's brief, "There can be no question under the circumstances of this case."

■ Where the testimony of the witness was given at a preliminary examination, and taken down by the reporter in the presence of the defendant and his counsel who cross-examined him, and such testimony was filed with the clerk, the transcript is admissible where the witness is not present and cannot be found in the jurisdiction. Fitzsimmons v. State, 14 Okl.Cr. 80, 166 P. 453; Jeffries v. State, 13 Okl.Cr. 146, 162 P. 1137; Henry v. State, 10 Okl.Cr. 369, 136 P. 982, 52 L.R.A.,N.S., 113; Edwards v. State, 9 Okl.Cr. 306, 131 P. 956, 44 L.R.A., N.S., 701; Valentine v. State, 16 Okl.Cr. 76, 194 P. 254; Clark v. State, 28 Okl.Cr. 31, 228 P. 791.

Counsel for the defendant states that the State made no effort to return Woods for the trial. Under the above rulings, it was not necessary. The witness was certainly out of the State and out of the jurisdiction of the court, as counsel for the defendant himself admitted when he said the witness was serving two rather extended terms in the Federal Penitentiary. Therefore, you could say that there definitely was a permanency to his absence.

In Serna v. State, 110 Tex.Cr.R. 220, 7 S.W.2d 543, the Court of Criminal Appeals of the State of Texas said:

"Another objection urged to the reproduction of Teller's evidence was that his absence from the state was only temporary. We glean from the record that Teller's punishment had been assessed at confinement in the federal penitentiary for one year and six months; that he was at the time of the trial in the federal penitentiary in the state of Kansas, had been there some five or six months, and had about a year more to serve before the expiration of his sentence. His family lived in the county where the trial was had, and it may be assumed that Teller intended to return to Texas when released from prison. Appellant cites Whorton v. State, 69 Tex.Cr.R. 1, 152 S.W. 1082; Post v. State, 10 Tex.App. 579; Peddy v. State, 31 Tex.Cr.R. 547, 21 S.W. 542; Anderson v. State, 74

Tex.Cr.R. 621, 170 S.W. 142; Modello v. State, 85 Tex.Cr.R. 291, 211 S.W. 944; Brent v. State, 89 Tex.Cr.R. 546, 232 S.W. 845—as supporting his proposition that, before former evidence of a witness who is out of the state may be reproduced, it is necessary that the predicate show his absence from the state to be 'permanent.' Article 749, C.C.P., provides in substance that, before the evidence of an absent witness may be used, it must be shown that he has 'removed beyond the limits of the state.' 22 Corpus Juris, § 519, states the rule which obtains in this state as follows:

" 'Some authorities consider that the absence of the witness must have a character of permanency, and a mere transient absence will not suffice. * *'

"We think, where our decisions use the word 'permanent' removal or absence, it must be construed as the antithesis of 'temporary' or 'transient.' Such we understand to be the announcement in Brent's Case, supra. If a witness should accept employment in another state for a definite term of two years, with the purpose of returning at the end of the two years, we think his absence would have a character of 'permanency' about it. So in the present case the removal of Teller, while involuntary on his part, had a very decided character of permanency for the duration of his absence. He could not return, however much he might desire to do so, and the fact that he intended to return to Texas when his sentence expired would, in our opinion, be no bar to the reproduction of his evidence."

█ In the appellant's third proposition, it is contended that the court erred in refusing to sustain defendant's demurrer to the State's evidence. This contention is based upon the alleged lack of corroboration of the testimony of the accomplice, Charles Henry Woods.

This Court has thoroughly studied the casemade and the testimony of all of the witnesses, and after this thorough study, cannot help but disagree with the learned counsel for the defendant on this proposition.

There were seven witnesses whose testimony each partially corroborated the testimony of the accomplice Woods. Each of these testified to a certain phase of the robbery and when these are all considered together, we feel that the testimony of Woods is certainly corroborated, as did the jury in this case.

This Court has by numerous decisions established the principle that is set forth in our statutes:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show[s] the commission of the offense or the circumstances thereof." 22 O.S. A. § 742.

█ In the instant case, corroborating witnesses placed the accused with the other perpetrators of this crime, during the planning stages. Further testimony of independent witnesses established the kind of automobile he was driving and the type of clothes that he was wearing. Also corroborating witnesses established that one person was wearing a woman's stocking around his head, as the accomplice Woods said the accused was. Then, finally, several months after the robbery the accused in the presence of another corroborating witness pointed out the door through which the robbers entered during the robbery. These certainly seem sufficient to corroborate the accomplice Woods and this Court has held that where the sufficiency of the evidence to corroborate an accomplice is challenged this Court will take the strongest view of the corroborating testimony that such testimony will warrant, and, if it can say that there is corroborating evidence tending to connect the defendant with the

commission of the offense, it will uphold the verdict. Heartsill v. State, Okl.Cr., 341 P.2d 625; Taylor v. State, 90 Okl.Cr. 283, 213 P.2d 588; Rushing v. State, 88 Okl.Cr. 82, 199 P.2d 614; Smith v. State, Okl.Cr., 278 P.2d 557; Wilcoxon v. State, Okl.Cr., 343 P.2d 194; Ringer v. State, Okl.Cr., 356 P.2d 787; and Barrett v. State, Okl. Cr., 357 P.2d 1020.

 Also this Court said in Scott v. State, 72 Okl.Cr. 305, 115 P.2d 763:

"It is not essential that corroborating evidence shall cover every material point testified to by [an] accomplice or be sufficient alone to warrant a verdict of guilty. If the accomplice is corroborated as to one material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all. Such corroborating evidence, however, must show more than the mere commission of the offense or circumstances thereof.

"The weight and sufficiency of corroborating evidence is for the jury, and, where the jury has returned its verdict, this court will take the strongest view of the corroborating testimony that the evidence warrants."

And in a more recent opinion written by Judge Nix this Court has said:

"It is not essential that evidence corroborating an accomplice shall cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty, and if the accomplice is corroborated as to some material fact by independent evidence tending to connect [the] defendant with the crime, the jury may from that infer that he speaks the truth as to all."

Crum v. State, Okl.Cr., 383 P.2d 45.

Finally, if the corroborating testimony given in this case is applied to the rules set down by the Supreme Court of Montana in State v. Cobb, 76 Mont. 89, 245 P. 265, which rules are as follows:

"(a) The corroborating evidence may be supplied by the defendant or his witnesses.

"(b) It need not be direct evidence —it may be circumstantial.

"(c) It need not extend to every fact to which the accomplice testifies.

"(d) It need not be sufficient to justify a conviction or to establish a prima facie case of guilt.

"(e) It need not be sufficient to connect the defendant with the commission of the crime; it is sufficient if it tends to do so."

there can be no question as to the sufficiency of this testimony.

Proposition 4 was abandoned by the counsel for defendant.

 Proposition 5 presented by the defendant is that the trial court committed error when it admitted certain evidence over the objection of the defendant's counsel. This might possibly have been a meritorious proposition had counsel for the defendant reserved an exception to the ruling of the trial court when it admitted Exhibits 15, 16, and 17. The decision of this Court in Williams v. State, Okl.Cr., 373 P.2d 85 is applicable to the decision:

"1. Errors to which no exceptions were taken will not be considered on appeal unless they are jurisdictional or fundamental in character.

"2. It is not error alone that reverses judgments of conviction[s] of crime in this state, but error plus injury, and the burden is upon the plaintiff in error to establish to this court the fact that he was prejudiced in his substantial rights by the commission of error."

Suffice it to say that had the defendant properly reserved his exceptions, this would not constitute sufficient grounds for reversal.

The defendant is of the opinion that the trial court committed error in refusing to give his requested instructions and this is presented in his proposition 7.

This Court does not agree. The instructions given by the trial court certainly fairly stated the law and although more concise than the requested instructions of the defendant, a refusal to give these requested instructions would not constitute reversible error.

All of the instructions given by the trial court should be considered, and where they fairly and fully present the issues involved, and no fundamental error occurs whereby the defendant has been prejudiced or deprived of a substantial right the case will not be reversed on appeal. Murphy v. State, 79 Okl.Cr. 31, 151 P. 2d 69.

And further it is not error for the trial court in criminal prosecutions to refuse defendant's requested instructions where substance of requested instructions is covered by given instructions. Wingfield v. State, 89 Okl.Cr. 45, 205 P.2d 320; Myers v. State, 83 Okl.Cr. 177, 174 P. 2d 395.

The final proposition argued by the defendant is his proposition 8, which states that the trial court committed error when it permitted a witness to testify on behalf of the State who had not been endorsed on the information or on the list of witnesses given to the defendant by the State, over the objections of the defendant.

In this proposition the defendant's counsel relies on Art. II, § 20 of the Oklahoma Constitution, which states, in part:

"He [the accused] shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their post office addresses."

However, this witness, Betty Mitchell, who substituted for one Bess Wilson, was not used in the case in chief, but in the subsequent hearing concerning the defendant's former convictions. He had already been found guilty, and her testimony had nothing to do with the verdict of the jury or the judgment of the court in this finding of guilty. Therefore, their reliance on this constitutional provision is without merit and not grounds for a reversal.

All of the propositions of the defendant were not discussed individually, but all questions of law have been thoroughly considered by the Court in this opinion, and the Court finds no fundamental error. Therefore, the judgment and sentence of the district court of Tulsa County is accordingly affirmed.

BUSSEY, P. J., and NIX, J., concur.