**Jack Allen BARBER, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**Civ. No. 5676.**

United States District Court
E. D. Oklahoma.

March 19, 1965.

upon the application of Jack Allen Barber for a Writ of Error Coram Nobis. Petitioner appeared in person, testified fully, and was represented by able counsel, appointed by the Court, Walter Arnote, Esquire. The respondent was represented by Jack A. Swidensky, Assistant Attorney General of the State of Oklahoma.

The Petitioner was charged by Information in the District Court of Tulsa County, Oklahoma, with the crime of robbery with firearms, after a former conviction of a felony. He was represented by counsel of his own choice, and after a trial to a jury was found guilty. The jury assessed a sentence of 15 years. Judgment and Sentence was entered on March 19, 1962, and Petitioner appealed to the Court of Criminal Appeals, State of Oklahoma. The Judgment and Sentence was affirmed on November 20, 1963, Barber v. State of Oklahoma, 388 P.2d 320, and a rehearing was denied.

The Petitioner is incarcerated in the Oklahoma State Penitentiary under the sentence imposed upon him.

█ The function of the ancient Writ of Coram Nobis is primarily for the correction of an error of fact not apparent from the record, and which would have prevented Judgment had the trial Court known of such fact or facts. Ordinarily this Writ is available in matters only within the Federal judicial system. The Writ is abolished by the Federal Rules of Procedure; it is authorized and available under the "All Writs" Section of the Judicial Code, 28 U.S.C. § 1651. The Writ cannot be used as a substitute for habeas corpus or as a collateral writ of error. The Court, however, heard all of Petitioner's evidence, and regardless of the technical name or form of the Writ, will consider the same as a Petition for Writ of Habeas Corpus.

Petitioner in substance contends:

1. The District Court did not afford him a fair trial, and the Court of Appeals ignored its duty in upholding the decision of the District Court.

2. Erred in allowing testimony of a witness to be introduced by transcript.

Walter Arnote, McAlester, Okl., for petitioner.

Jack Swidensky, Asst. Atty. Gen., State of Oklahoma, for respondent.

BOHANON, District Judge.

This cause came on for hearing at McAlester, Oklahoma, on December 30, 1964,

3. Erred in refusing to sustain defendant's demurrer to the evidence.

4. Erred in permitting evidence over defendant's objection.

5. Erred in refusing a Motion for a Directed Verdict and refusing certain requested instructions.

6. Contends that the Court should have ordered the respondent Page to furnish all the law books which the Petitioner deemed necessary to pursue his cause and perfect his Petition.

7. Was denied the right to communicate with Honorable Byron R. White, Associate Justice of the United States Supreme Court, by United States mail.

 With respect to Petitioner's second contention, that is, allowing evidence to be introduced by transcript, it is answered by the Court of Appeals in Barber v. State, supra, wherein the Court said with respect to the testimony of this witness:

"In the instant case there is no question as to the whereabouts of Charles Henry Woods. He had been in the custody of the Federal Government for some time, and was confined in the Federal prison in Texarkana, Texas, at the time of the present trial. This Court has been very explicit in this and as so ably pointed out in the State's brief, 'There can be no question under the circumstances of this case.'

"Where the testimony of the witness was given at a preliminary examination, and taken down by the reporter in the presence of the defendant and his counsel who cross-examined him, and such testimony was filed with the clerk, the transcript is admissible where the witness is not present and cannot be found in the jurisdiction. Fitzsimmons v. State, 14 Okl.Cr. 80, 166 P. 453; Jeffries v. State, 13 Okl. Cr. 146, 162 P. 1137; Henry v. State, 10 Okl.Cr. 369, 136 P. 982, 52 L.R.A., N.S., 113; Edwards v. State, 9 Okl. Cr. 306, 131 P. 956, 44 L.R.A.,N.S., 701; Valentine v. State, 16 Okl.Cr.

76, 194 P. 254; Clark v. State, 28 Okl.Cr. 31, 228 P. 791."

Further the Court said:

"Counsel for the defendant states that the State made no effort to return Woods for the trial. Under the above rulings, it was not necessary. The witness was certainly out of the State and out of the jurisdiction of the court, as counsel for the defendant himself admitted when he said the witness was serving two rather extended terms in the Federal Penitentiary. Therefore, you could say that there definitely was a permanency to his absence."

Petitioner's first contention as above stated is without merit and states mere conclusions.

 Petitioner's third, fourth, and fifth contentions as above outlined go merely to the state court trial procedure. These alleged errors were available to Petitioner on appeal to the Court of Criminal Appeals, and are not reviewable by a Petition for Writ of Habeas Corpus. In fact, Petitioner did assert these alleged errors in the Court of Criminal Appeals by his Exhibit 1, being a Petition in Error in the Court of Criminal Appeals, and by Exhibit 2, his Brief in support of the Petition in Error.

In Hickock, Petitioner, v. Crouse, Warden (Court of Appeals, 10th Cir.), 334 F.2d 95, 100, the Court said:

"The law is well settled that in a proceeding such as this, the only errors of a state court which may be considered are those which deprive an accused of fundamental rights guaranteed by the Constitution of the United States. 28 U.S.C. § 2241;" and cases cited.

The Court further said:

"State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."

 There is no merit to plaintiff's sixth and seventh contentions. The Court

has not found no law, nor has any been cited, requiring the State of Oklahoma to furnish lawbooks for use of state prisoners. There is no federal constitutional right requiring that a prisoner be permitted to communicate by letter with a Justice of the United States Supreme Court.

There has been no deprivation of Petitioner's constitutional rights such as to render the judgment void, or to amount to a denial of due process.

The petition for writ of error coram nobis or petition for writ of habeas corpus is denied.