**Jack Allen BARBER, Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellee.**

**No. 8207.**

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1966.

David K. Petty, McAlester, Okl., for appellant.

Jack A. Swidensky, Asst. Atty. Gen. (Charles R. Nesbitt, Atty. Gen. of Oklahoma, with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Petitioner is a state prisoner, who filed an application for a writ of coram nobis with the United States District Court. The court considered it as a petition for writ of habeas corpus, appointed an attorney for petitioner, and held a hearing. Relief was denied and this appeal taken. The petition presents several issues, but the one here concerned relates to his right to be confronted by the witnesses against him.

The record shows that petitioner and a coaccused by the name of Woods were both represented by the same attorney, Mr. Ed Parks, during a preliminary hearing on the charge of robbery. At this hearing the coaccused Woods was called as a witness. He was advised of his right to claim the privilege against self-incrimination by the attorney, Mr. Parks. A brief recess was called in the hearing, during the course of which Woods decided to testify. When the hearing was resumed, Mr. Parks requested the court that he be permitted to withdraw as attorney for Woods and the request was granted. The witness Woods then testified as to his participation in the robbery and that of the petitioner. He was not cross-examined by petitioner's attorney, Mr. Parks, but was questioned by an attorney for another of the several accused.

The transcript of testimony of Woods given at the preliminary hearing was introduced at the trial of the petitioner Barber over his objections. The witness Woods was in prison in Texas and did not appear at the trial. Petitioner was convicted and appealed to the Oklahoma Court of Criminal Appeals, Barber v. State, Okl.Cr., 388 P.2d 320, which af-

firmed his conviction. The appellate court there held that the Oklahoma rule relative to the non-availability of witnesses had been complied with, and that the transcript of the testimony of the witness Woods was properly admitted. The issue of confrontation as a constitutional matter, now raised by the petitioner, was not presented to, or passed on by the state court as it considered only the issue of whether or not the Oklahoma rule as to absent witnesses had been complied with. The opinion of the Oklahoma court recites that the attorney for the petitioner cross-examined the witness Woods during the course of the preliminary hearing. This did not occur, as the state now concedes. The decision by the Oklahoma Court of Criminal Appeals was handed down prior to the decision in Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

The petition of appellant contains no allegation relating to the exhaustion of state remedies. No showing was made on this point before the United States District Court, and, of course, there was no finding on this point. The state in its brief makes the following statement: "There was no allegation, pleading, or showing by evidence before the lower Court that the petitioner had exhausted his state remedies." The point is not urged further in the state's brief and is not mentioned by the petitioner. The question which first arises is whether or not on such a record we can pass on the issue of availability of state remedies.

It would appear that the question as to whether or not the state remedies had been exhausted is primarily a question of fact to be determined initially by the trial court. We said recently in Finan v. Crouse, Tenth Circuit, November 12, 1965, 352 F.2d 507 (10th Cir.), that a "showing" of unavailability of state remedies is required. In Wagenknecht v. Crouse, 344 F.2d 920 (10th Cir.), we held that an allegation in a petition as to the exhaustion of remedies is a "prerequisite." Also in Cox v. Raburn, 314 F.2d 856 (10th Cir.), the reference was

made that the "power" of a federal court is limited by the requirement of exhaustion of remedies. In Giles v. Merrill, 322 F.2d 786 (10th Cir.), it was stated that no "claim" was made that there was not available state corrective processes, and that the "statutory provision requires" exhaustion or a showing that no remedy is available. In Bratt v. Crouse, 346 F.2d 146 (10th Cir.), we affirmed the trial court's dismissal of a petition by reason of a failure to allege that state remedies were exhausted.

The statute, 28 U.S.C.A. § 2254, provides that an application for a writ shall not be granted "unless it appears" that state remedies have been exhausted or that they were not available or were in some way ineffective. The statute further states:

> "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.A. § 2254.

The determination or showing of exhaustion of state remedies is an essential issue or question of fact to be determined by the trial court as a prerequisite to a consideration of the petition on its merits. Burns v. Crouse, Tenth Circuit, November 26, 1965, 353 F.2d 489 (10th Cir.). In the case before us, where the record is completely silent on the issue, we cannot know, in the language of the statute, whether "it appears" the remedies have been exhausted, were not available or ineffective.

The petitioner has presented a constitutional question which the state court has not had an opportunity to consider. Whether a remedy in the Oklahoma courts under current decisions does exist whereby the issue may there be presented must first be decided by the United States District Court. Its determination of that fact will, of course, determine whether petitioner must first seek

relief in the Oklahoma state courts or proceed in the federal court.

The judgment of dismissal is set aside and the case is remanded to the United States District Court for the Eastern District of Oklahoma for further proceedings in accordance with this opinion.