**Jack Allen BARBER, Appellant,**

**v.**

**Ray H. PAGE, Warden, Appellee.**

**No. 9015.**

United States Court of Appeals
Tenth Circuit.

Dec. 30, 1966.

Rehearing Denied March 24, 1967.

Certiorari Granted Oct. 9, 1967.
See 88 S.Ct. 115.

---

**480**

C. E. Barnes, Oklahoma City, Okl., for appellant.

Charles L. Owen, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen., of Oklahoma, was with him on the brief), for appellee.

Before BREITENSTEIN and ALDRICH *, Circuit Judges, and KERR, District Judge.

BREITENSTEIN, Circuit Judge.

For the second time, appellant appeals from a judgment denying him, a state prisoner, habeas corpus relief. In Barber v. Page, 10 Cir., 355 F.2d 171, we remanded because the record did not show that appellant had exhausted his state remedies. The district court held a second evidentiary hearing, found that the state remedies had in fact been exhausted, and denied relief.

The only point for consideration is whether the appellant was denied his Sixth Amendment right to be confronted by the witnesses against him. He, an individual named Woods, and at least one other were charged with robbery. At a preliminary hearing, an attorney named Parks was retained to represent both appellant and Woods. Woods was called to the stand. The attorney advised him of his right to claim the privilege against self-incrimination. After a recess, the attorney requested, and was granted, leave to withdraw as attorney for Woods. In the presence of appellant and his attorney, Woods testified and incriminated the appellant. He was not cross-examined by appellant's attorney, Parks, but was by the attorney for other accused.

At the trial, a transcript of Woods' testimony at the preliminary hearing was received in evidence over appellant's objections. Appellant was convicted and the judgment was affirmed by the Oklahoma Court of Criminal Appeals. Barber v. State, Okl.Cr., 388 P.2d 320. Woods was not present at the trial because he was then an inmate of a federal penal institution located in Texas. In the circumstances presented Oklahoma permits a transcript of the testimony to be used at the trial. Id. at 324.

Pointer v. State of Texas, 380 U.S. 400, 403–406, 85 S.Ct. 1065, 13 L.Ed. 2d 923, holds that the right of confrontation includes the right of cross-examina-

* Sitting by designation.

tion and is binding on the states. In that case, the transcribed testimony of the out-of-state witness was taken in a preliminary examination where the accused was not represented by counsel.

■■ Appellant says that the state was not diligent in securing the attendance of Woods at the trial. He was not subject to Oklahoma process. Although an application could have been made to a federal court for a writ of habeas corpus ad testificandum, the grant of such a writ is discretionary. Gilmore v. United States, 10 Cir., 129 F.2d 199, 202. In our opinion a state is not required to ask a federal court for a discretionary writ and have it denied before the state can use a transcript of the testimony of an out-of-state witness. This is not a case like Motes v. United States, 178 U.S. 458, 471, 20 S.Ct. 993, 44 L.Ed. 1150, where the witness had escaped through the negligence of the government. Pointer was decided on the denial of confrontation—not on the use of the transcribed testimony of an out-of-state witness.

■ In the case at bar the accused had retained counsel present at the preliminary hearing and counsel had an opportunity to cross-examine. Failure to exercise the right of cross-examination is no ground for asserting denial of the right of confrontation. We are not impressed with the contention that the attorney was in a doubtful position because of his previous representation of Woods. He had withdrawn and his obligation was to the appellant, who must have been satisfied because we note that he was represented by the same attorney on his appeal to the Oklahoma Court of Criminal Appeals. The appellant's belated attempt to inject ethical considerations of the attorney-client relationship into the case does not entitle him to federal habeas relief.

Affirmed.

ALDRICH, Circuit Judge (dissenting).

No question of fact is involved in this case, but an important Constitutional issue. The right of confrontation, although but recently imposed upon the states, is an old and valuable right. Kirby v. United States, 1899, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890. I do not take it that the extension by Pointer v. State of Texas, 1965, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, was only half-hearted; we must be guided fully by the Supreme Court decisions. The esteem in which the Court holds this right is illustrated by its recent case of Parker v. Gladden, 87 S.Ct. 468, 12/12/6. Cf. Brookhart v. Janis, 1966, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314.

In situations of necessity, the importance of the public interest may qualify the right of a defendant to be condemned by a witness the jury can see and appraise. This must mean, however, a real necessity, not a token one. Motes v. United States, 1900, 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150, clearly holds that mere unavailability of a witness is not enough; if the prosecution wants to use a witness's prior testimony it first has a duty to try to produce him. Were there no such duty, the Court could not have relied on the negligence involved in the government's failure to have the witness in that case. The significance of Motes is pointed up by the fact that there, unlike the present case, the defendant had cross-examined the witness on the prior occasion. Nonetheless, the Court found a denial of confrontation.

Although my brethren use the word "diligent," I do not see how a state can be said to be diligent when it made no effort whatever. While the federal authorities, in their discretion, could have refused to let the witness be taken 226 miles, it would seem an unusual case in which the application for such a writ could be properly denied. In any event, the possibility of a refusal is not the equivalent of asking and receiving a rebuff. While I am not happy about the court's somewhat offhand dismissal of the reasons petitioner's counsel may have had for not cross-examining his former client at the preliminary hearing, I am more than unhappy to see confrontation dispensed with because the state did not choose to seek it.