Richard Hoyt **TIVIS**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. CA–5–593.

United States District Court
N. D. Texas,
Lubbock Division.

April 4, 1969.

See also, D.C., 302 F.Supp. 578, D.
C., 302 F.Supp. 581.

Richard Hoyt Tivis, pro se.
No attorney for respondent.

ORDER

WOODWARD, District Judge.

On the 31st day of January, 1969, the
petitioner, Richard Hoyt Tivis, present-

ed for filing in this court, his application for writ of error coram nobis. It appears that said application has not heretofore been filed and that the petitioner had made a proper affidavit of inability to pay costs. Therefore, the Clerk is directed to file said application in this court without payment of costs, and the petitioner is granted leave to proceed in forma pauperis in this court only.

Although the writ of error coram nobis has not been abolished in federal criminal procedure, United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Johnson v. United States, 344 F.2d 401 (5 Cir. 1965); United States v. Marcello, 210 F.Supp. 892 (E.D.La.1962), it is not a substitute for a motion to vacate sentence and judgment under Title 28 U.S.C. § 2255, Cito v. United States, 283 F.2d 49 (10 Cir. 1960); Mathis v. United States, 246 F.Supp. 116 (E.D.N.C.1965), nor is it a substitute for habeas corpus. Barber v. Page, 239 F.Supp. 265 (E.D.Okla.1965); Mathis v. United States, *supra*. However, it has been held that an indigent prisoner's application for writ of error coram nobis may be treated as a motion to vacate under Section 2255 of Title 28 U.S.C., United States v. Re, 372 F.2d 641 (2 Cir. 1967); Perry v. United States, 332 F.2d 369 (9 Cir. 1964); Hilderbrand v. United States, 304 F.2d 716 (10 Cir. 1962), and this court will treat the application as such.

By his application the petitioner collaterally attacks the judgment and sentence of this court in Cause No. CR–5–197 wherein the petitioner was convicted by a jury of the felony offense of bribery of a witness, a violation of Title 18 U.S.C. § 201(d), and was sentenced to five years imprisonment.

Liberally construing the petitioner's application, the petitioner has alleged the following grounds for relief:

(1) That the petitioner's trial took place in the heyday of the Ku Klux Klan, and many Klansmen attended the trial.

(2) That petitioner's attorney was either afraid or totally incompetent to properly represent the petitioner at the trial.

(3) That petitioner's trial was a sham, pretense, frame-up, hoax, and a means of depriving him of his liberty without due process.

(4) That the trial court erred in rejecting the defendant's requested instruction relating to the testimony of an accomplice.

The petitioner has alleged the bare fact that Ku Klux Klan members were present at the time of trial. There is no allegation that the presence of such persons prejudiced the petitioner's trial, prejudiced the jury, or in any way influenced the outcome of the petitioner's trial. The bald allegation of the presence of Ku Klux Klan members at the petitioner's trial is not a ground for relief under Section 2255.

The petitioner has alleged the bare conclusion that his attorney was afraid or incompetent. Absent some allegations of fact to support such a conclusion, the bald allegation that petitioner's counsel was afraid or incompetent is not sufficient basis for relief under Section 2255.

The petitioner has alleged that his trial was a sham, farce, pretense, and hoax, but has not alleged any facts in support of that conclusion. This allegation does not raise a sufficient ground for relief under Section 2255.

A motion to vacate sentence under Section 2255, Title 28, U.S.C., or an application for writ of error coram nobis which is treated as a 2255 motion, must set forth facts showing a basis for the relief which is asked. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Gordon v. United States, 216 F.2d 495 (5 Cir. 1954). Where a petitioner has failed to allege sufficient facts and where he has alleged mere conclusions, the court may deny the motion without a hearing. Aeby v.

United States, 409 F.2d 1 (5 Cir. March 25, 1969); Gordon v. United States, supra; Walker v. United States, 218 F.2d 80 (7 Cir. 1955); Stephens v. United States, 246 F.2d 607 (10 Cir. 1957). This is the situation in this case as to the petitioner's first three allegations.

Additionally, the petitioner asserts that the trial court was in error in refusing to submit the petitioner's requested instruction on accomplice testimony. It appears from the record of that cause, and it is admitted by the petitioner, that the court *did* give an instruction on accomplice testimony, although it was not the instruction requested by the petitioner. It is well settled that a motion to vacate under Section 2255 is not a substitute for direct appeal, and mere trial errors of the type complained of here, though reviewable on direct appeal, are not sufficient grounds for collateral relief under Section 2255 motion or on application for writ of error coram nobis.

It further appears from his argument in support of the alleged ground for relief based upon error in the trial court's instruction that the petitioner is attempting to raise an issue concerning the defense of entrapment. It has been expressly held in this circuit that the defense of entrapment is not available as a ground for setting aside a judgment and sentence by a motion to vacate under Section 2255. Moore v. United States, 334 F.2d 25 (5 Cir. 1964) and cases cited therein.

Since the grounds for relief alleged by the petitioner are insufficient to raise a fact question, no hearing will be necessary, and the petitioner's application should be denied.

It is, therefore, ordered that the petitioner's Application for Writ of Error Coram Nobis is hereby denied without a hearing.

The Clerk will send copies of this order to the petitioner and to the attorney for the respondent.

This is a final order.

See also D.C., 302 F.Supp. 578, D. C., 302 F.Supp. 579.