James Henry **ROBINSON**, Petitioner,

v.

Dr. A. A. **BIRZGALIS**, Medical Superintendent, et al., Respondents.

**Civ. A. No. 6051.**

United States District Court,
W. D. Michigan, S. D.

April 7, 1970.

James Henry Robinson, in pro per.

J. Ronald Kaplansky, Asst. Atty. Gen., Lansing, Mich., for respondents.

## ORDER FOR DISMISSAL

FOX, District Judge.

Petitioner, James Henry Robinson, seeks the intervention of this court with respect to alleged violations of his civil and constitutional rights arising out of his confinement at Ionia State Hospital. 42 U.S.C. §§ 1983 and 1985.

Petitioner is being confined as a criminal sexual psychopath. He alleges the following as violations of his constitutional rights: (1) interference with his mail, (2) lack of access to a typewriter, (3) lack of access to law books, and (4) lack of access to legal size paper.

The first two allegations above were disposed of in Leeper v. Birzgalis, C.A. 6085 (decided October 22, 1969):

"Petitioner is confined as a criminal sexual psychopath. It is within the discretion of hospital authorities to maintain rules to insure appropriate discipline and treatment in their institution. However, they may not unduly interfere with a prisoner's pursuit of post-conviction or habeas corpus relief. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

"The court cannot agree that the actions of hospital authorities outlined by plaintiff are so restrictive of his guarantee of access to the judicial process to require intervention at this time.

"The pleadings initiating one of these actions, handwritten and quite well done, convince the court that the lack of a typewriter is not a serious obstacle to this petitioner. In addition, hospital officials may well decide that to allow such equipment in petitioner's particular ward might pose unwarranted danger to patients or employees.

"With respect to censorship of petitioner's mail, the court finds that such action is within the scope of proper disciplinary and security measures. Price v. Johnston, 334 U.S. 266, 68 S. Ct. 1049, 92 L.Ed. 135 (1948), U. S. ex rel Thompson v. Fay, 197 F.Supp. 855 (D.C.N.Y.1961), Desmond v. Blackwell, 235 F.Supp. 246 (D.C.Pa.1964)."

■ With respect to number (4) above, the court feels that a lack of legal size paper is not a significant impairment to seeking judicial relief. Ionia authorities provide inmates with paper and writing materials, and allow purchases of legal paper by the inmates themselves. Courts in this state will accept post-conviction pleadings written on any size paper. Such a situation cannot be a denial of due process.

■ Finally, petitioner contends that the hospital is constitutionally compelled to provide a law library for inmates' use. Johnson v. Avery, supra, does not require such a ruling. As stated by the District Court in that case, 252 F.Supp. 783 (M.D.Tenn.1966):

"Finally, petitioner has requested the Court to furnish him with various legal materials and Supreme Court reports. The Court agrees with the respondents that the state is not required to furnish these materials and reports to the petitioner. See, for example, Barber v. Page, 239 F.Supp. 265 (E.D.Okl.1965). Furthermore, the Court notes that habeas corpus petitions need not, and indeed should not, contain extensive legal citations. All

that is required is a short, simple and intelligible statement of the facts upon which the petitioner bases his claim for relief. Consequently, petitioner's request for legal materials and reports is hereby denied."

For the above reasons, petitioner's action is hereby dismissed.

It is so ordered.